### OKLAHOMA CITY v. ORTHWEIN.

(Circuit Court of Appeals, Eighth Circuit. April 28, 1919.)

No. 4936.

1. COURTS ⊂⇒107—PAVING—ASSESSMENT OF BENEFITS—STREET RAILROADS.
   A decision of the Supreme Court of Oklahoma, construing state statutes and holding that the right of way of a street railroad company is assessable for paving benefits, where it is held in fee, *held* to also apply to right of way held by grant without reverter.

2. JUDGMENT ⊂⇒708—JUDGMENT AS EVIDENCE—INVALIDITY OF ASSESSMENTS.
   In an action against a city, based on its alleged neglect and refusal to make a reassessment of benefits to pay paving bonds, to supply the deficiency caused by its assessment of property which was not subject thereto, a judgment recovered against the city by the owner of such property, declaring the assessment invalid and enjoining its enforcement, *held* admissible in evidence.

3. MUNICIPAL CORPORATIONS ⊂⇒374(1)—CONTRACT FOR PUBLIC IMPROVEMENTS—LIABILITY FOR NONPERFORMANCE.
   Where a municipal corporation, which has power to make a contract for internal improvements, contracts for them and stipulates that the agreed price shall be paid out of funds to be realized from special assess-

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments, which it has power to make, but fails and refuses to make sufficient valid assessments, it becomes primarily liable to pay the contract price itself.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by Walter E. Orthwein against the City of Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed in part.

B. D. Shear, A. T. Boys, and E. E. Blake, all of Oklahoma City, Okl., and W. M. Howenstein, of Grandfield, Okl., for plaintiff in error.

G. A. Paul, of Oklahoma City, Okl., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

CARLAND, Circuit Judge. The city of Oklahoma City in 1908 deemed it necessary to pave Classen boulevard. In 1911, it deemed it necessary to pave Linwood boulevard, from the west line of Western avenue to the center line of Tenth street, and also Exchange avenue. Proceedings were regularly taken as provided by law for the construction of said paving. The benefits resulting from said paving were assessed upon the lands fronting or abutting thereon. The contractor constructing the paving was paid by the issuance by the city of improvement bonds, to be paid by the money arising from the collection of the assessments made for benefits. The defendant in error, hereafter plaintiff, purchased all the improvement bonds issued for said paving from the contractor, for value, and without notice of any defect in the benefit assessment.

Along the center of Linwood boulevard, Exchange avenue, and Classen boulevard, an electric railway company, hereafter Railway Company, occupied and used a right of way which it had curbed and otherwise improved. The paving done by the city on the boulevards and avenue above mentioned was on the driveways located on both sides of the right of way. The Railway Company refused to pay the amount of the benefits assessed against it, and this fact prevented the accumulation of a sufficient fund to pay all the improvement bonds and interest thereon. The Railway Company claimed that its right of way did not front or abut upon the pavement, within the meaning of the law authorizing the construction of the pavements. Under these conditions the plaintiff made a demand upon the city to cause a new assessment of benefits upon property liable therefor, in order that the bonds owned by him could be fully paid. The city having, as claimed by the plaintiff, unreasonably delayed to make a new assessment, the present suit was brought against the city on the theory that it was liable on account of its willful neglect and refusal to perform a duty imposed upon it by law to create a fund necessary and essential under the obligations contained in the bonds for the purpose of meeting the payment of the installments and interest due thereon.

There were four paving contracts involved in the improvement mentioned, two for Exchange avenue, and one each for the boule-

vards. The complaint in 'this action was in four counts, corresponding to the four contracts. The trial below resulted in a directed verdict for the plaintiff as follows: First count, $653.10 and interest; second count, $2,744.68 and interest; third count, $754.14 and interest; fourth count, $4,076.02 and interest. The recovery was measured by the invalid portions of the assessments shown by the four ordinances levying the same and recited in the bonds owned by the plaintiff. The only ground of invalidity urged against the assessments was that the right of way of the Railway Company was not assessable for benefits. The trial court sustained this view. Judgment having been entered on the verdict, the city has brought the case here for review.

Before, however, proceeding to consider the assignments of error, it is proper to say that, since the trial of this case below, the Supreme Court of Oklahoma, in the case of Oklahoma Railway Co. v. Severns Paving Co. et al., 170 Pac. 216, a case involving the right of the city of Oklahoma City to assess the right of way of the Railway Company for benefits resulting from paving of the character described in this action, has decided that, where the Railway Company's title to its right of way amounts to a fee title, the assessment of benefits for paving is valid. The decision of the Oklahoma Supreme Court in the case cited was based upon a construction of the statutes of Oklahoma and particularly sections 511, 1175, and 1382, Laws of Oklahoma 1910, and is binding on this court so far as it construes said statutes. The Supreme Court of Oklahoma in the above case affirmed a judgment awarding a mandamus compelling the defendant to make a new assessment. The record in the present case shows that, as to the paving mentioned in the first count, the grant of the right of way of the Railway Company was in perpetuity. The right of way involved in the second and third counts was obtained in part by a grant from the Park Site Realty Company for use as a right of way, with reverter to the grantor upon the abandonment or discontinuance of such use, and in part by dedication from the Packing House Development Company in fee simple and as a right of way without limitation, and in part by grant from Edward Morris, with right of reverter in the grantor in case of the abandonment of such right of way.

[1] In view of the decision above mentioned and the statutes therein construed, we are of the opinion that the assessment of benefits for the paving involved in this action was valid, where the title of the Railway Company to its right of way was in fee, or where it was for a right of way without reverter. There are no data in the record by which we can compute in dollars and cents the invalid or valid portions of the assessments involved in the second and third counts, and the case will have to be remanded, in order that the proper computation may be made. What the title of the Railway Company was, as to the right of way involved in the fourth count, does not appear. The evidence, however, shows that on April 21, 1910, the Oklahoma Railway Company commenced action in the United States Circuit Court for the Western District of Oklahoma against the present

defendant, Bob Parman, city clerk, and Charles McCafferty, county treasurer of Oklahoma county, wherein the assessment involved in the fourth count was attacked as invalid. The defendants filed a demurrer. Subsequently, on April 1, 1912, the Railway Company filed an amended and supplemental complaint, to which the defendants also filed a demurrer. On March 29, 1912, the demurrer was overruled, with leave to answer. No answer being filed within the time limited, an order pro confesso was entered April 25, 1912, and on May 31, 1913, a final decree was entered, declaring the assessment involved in the fourth count of the complaint in this action invalid, and permanently enjoining the defendant from taking any proceedings to collect said assessment. This decree was not appealed from and became final. The court below, being the successor of the Circuit Court, properly followed that decision, and we have no authority on this writ of error to review it. The assessment involved in the fourth count must therefore be regarded as invalid, and the plaintiff, if otherwise entitled to recover, should have judgment on the fourth count.

We now come to consider the assignments of error urged by the defendant. So far as the validity of the assessments for benefits charged against the Railway Company's right of way is concerned, we have already expressed our views following the decision of the Supreme Court of Oklahoma in Railway Co. v. Severns Paving Co., supra. The first count is eliminated from consideration for the reason that the assessment was valid, and the plaintiff is subrogated to the rights of the paving contractor, and can enforce the payment of the benefits assessed for the payment of the paving involved in the first count. The portions of the pavement involved in the second and third counts where the Railway Company's title to the right of way amounts to the fee, under the decision of the Supreme Court of Oklahoma in the case above mentioned, are also eliminated. The question then for consideration is: May the plaintiff recover in this action a general judgment against the city for the proportionate amount of the invalid assessments represented by all of the fourth count and a portion of the second and third? Taking up the assignments of error in their order:

First. There was no error in denying the motion to make the complaint more definite and certain. The matter was discretionary, and no prejudice resulted.

[2] Second. There was no error in allowing the introduction into evidence of the record in the case of Oklahoma Railway Co. v. Oklahoma City et al. It was admissible for the purpose of showing that the assessment involved in the fourth count had been adjudicated invalid. It is true the parties were not the same as in the present action, but that was not necessary. The defendant was a party to that action, and the judgment therein was evidence against it in this case. The record was also evidence that the city had notice that the assessment had been declared invalid. It was also admissible as showing that the defendant had allowed a decree pro confesso to be

entered against it, and had taken no appeal therefrom, which was evidence of negligence.

Third. There was no error in admitting in evidence the claim filed by the plaintiff with the city officers. It was admissible on the question of notice of the invalidity of the assessments and on the question of negligence.

Fourth. There was no error in admitting the testimony of the witness Shartel concerning the building of sewers to drain the right of way of the Railway Company. While the evidence was not very material, it tended to show that the Railway Company had performed what it thought was its duty in the premises. It was not prejudicial in any event.

Fifth. There was no error in the introduction in evidence of the record in case No. 12380, Cleveland-Trinidad Paving Co. v. City of Oklahoma et al. The record was introduced in rebuttal of the testimony of Whit M. Grant, who had testified that he had no recollection of ever being informed as to the decision of the local district court with reference to reassessments.

Sixth. The claim that the power to pave is under the law and Constitution of Oklahoma given to the city officers, and not to the city, has no merit.

Seventh. When the verdict in this case was directed, the defendant requested the court to limit the judgment, so that it could be collected only from benefit assessments. There was no error in this ruling. The city, if liable at all, was liable generally as for negligence and refusal of duty.

Eighth. It is our opinion that the contractor could have maintained this suit if he still owned the bonds, and, having sold them to the plaintiff, the latter can maintain it. The city owes the duty to levy the new assessment to the one who owns the bonds.

Ninth. We have no dispute with the holding of the Supreme Court of Oklahoma that the determination of the amount of benefits is a legislative act and final, but this rule has no application where the property assessed is not liable for any assessment.

Tenth. The bonds upon which the verdict was directed were payable to bearer. They were all produced in court, and that was prima facie proof that the plaintiff was the owner.

Eleventh. The allowance of an amendment to the complaint at the trial, to the effect that the plaintiff sued for himself and other parties similarly situated, while probably erroneous, was not prejudicial. No recovery was had for any one except the plaintiff.

[3] Twelfth. Section 728, Comp. Laws of Oklahoma 1909, gave the defendant power to levy new assessments where the original assessment was invalid. On July 14, 1913, the plaintiff presented to the defendant his written request to cause reassessments to be made on account of the illegal assessments against the Railway Company's property, which the defendant failed to grant. Thereupon the plaintiff brought suit against the defendant, which was pending for about two years, and no reassessment was made from the time of bringing that suit and the institution of the present suit on April 27, 1915.

The defendant also allowed the complaint in the case brought by the Railway Company to be taken pro confesso, and never appealed therefrom. The law of Oklahoma, being Session Laws approved April 17, 1908 (Laws 1907–08, c. 10), provided that the city itself should in no case be liable on these improvement bonds; therefore the plaintiff was remediless, unless a valid assessment of benefits should be made and collected. In our opinion, the evidence showed that the city was guilty of negligence and of a willful refusal to make valid assessments to pay the bonds of the plaintiff. The limitation of liability of the city above specified does not, in our opinion, exclude a remedy based upon negligence and willful refusal to perform this duty. Where a municipal or quasi municipal corporation, which has the power to make a contract for internal improvements contracts for them, and stipulates that the agreed price of the improvements shall be paid to the contractor out of funds to be realized out of special assessments, or out of the proceeds of bonds it has the power to issue, and the corporation has power to make the assessments or to issue the necessary bonds, but fails to make sufficient valid assessments, or to issue sufficient bonds to provide the necessary funds to pay the contractor the contract price of his material and labor, or if it misappropriates such funds to other purposes, the corporation becomes primarily liable to pay the contract price itself. Barber Asphalt Paving Co. v. City of Denver, 72 Fed. 336, 340, 19 C. C. A. 139, 143; Bill v. City of Denver (C. C.) 29 Fed. 344; Argenti v. City of San Francisco, 16 Cal. 256, 281, 283; Beard v. City of Brooklyn, 31 Barb. (N. Y.) 142, 150; Commercial National Bank v. City of Portland, 24 Or. 188, 33 Pac. 532, 41 Am. St. Rep. 854; City of Louisville v. Hyatt, 5 B. Mon. (Ky.) 199, 201; City of Leavenworth v. Mills, 6 Kan. 288, 297; Reilly v. City of Albany, 112 N. Y. 30, 42, 19 N. E. 508; Michel v. Police Jury, 9 La. Ann. 67.

Both parties at the close of the evidence requested a directed verdict. The defendant, however, requested the court, in case his motion should be denied, to charge the jury in certain particulars. These requests to charge have been examined, and they present no reason why the verdict should not have been directed for the plaintiff. The entire record convinces that there is substantial evidence to sustain the verdict directed by the court, and that there was no error committed in this behalf.

The judgment on the first count is reversed. The judgment on the fourth count is affirmed, and the judgment based upon the second and third counts is reversed, and the cause remanded as to those counts, with instructions to the trial court to grant a new trial as to the amount due the plaintiff in the instances where in this opinion the assessment of benefits would be illegal. No costs to be taxed as against either party in this court.