OKLAHOMA RAILWAY COMPANY *v.* SEVERNS PAVING COMPANY ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLA-
HOMA.

No. 106.   Argued November 19, 20, 1919.—Decided December 8, 1919.

A decree of a state court directing an assessment of land to pay for a public improvement should not be so framed as to leave in doubt the right of the property owner to be heard on the amount of the assessment.  P. 107.

In platting land outside of a city the owners dedicated in fee to a street railway company, to induce it to extend its line, a strip, for a right of way, 40 feet wide, along the center of a boulevard, on condition that the strip be subject to reasonable police regulations and that the grantee construct crossings and curb and pave them whenever the boulevard should be paved. *Held,* that the strip was subject to special assessment by the city for paving

the roadways of the boulevard, after inclusion in the city limits, and that the company's contract rights were not thereby impaired. *Id.*

Provisions in a street railway franchise defining the grantee's obligation to pave certain portions of the city streets occupied by its lines, *held* not to affect the city's right to impose a paving tax on a strip of land, in the center of the street paved, owned by the company in fee. *Id.*

67 Oklahoma, ——, modified and affirmed.

THE case is stated in the opinion.

*Mr. John B. Dudley* and *Mr. Henry G. Snyder*, with whom *Mr. Henry E. Asp* was on the brief, for plaintiff in error, contended:

(1) That the duty of the company as to paving was fully defined in its franchise from the city, and could not be enlarged without impairing that contract.

(2) That the company's duty in respect of paving, in so far as related to its private right of way, was determined, as a matter of contract, binding on and not subject to be impaired by the City, by the terms of the dedications by which such right of way and the adjacent street were granted, as they were afterwards included in the city limits, and upon the faith of which the company had extended its line.

(3) That the company's right to due process, under the Fourteenth Amendment, was violated, by a refusal of the courts below to permit it to prove that the paving of the boulevard did and could confer no benefit whatever upon the right of way in question.

*Mr. D. A. Richardson*, with whom *Mr. Russell G. Lowe*, *Mr. T. G. Chambers*, *Mr. B. A. Ames* and *Mr. Streeter B. Flynn* were on the brief, for defendants in error.

Mr. Justice McReynolds delivered the opinion of the court.

In 1909 the owners platted Linwood Place, adjacent to Oklahoma City, for building lots, streets, etc. To procure extension of a street car line therein, they dedicated a strip forty feet in width, lying along the center of what is now known as Linwood Boulevard, to plaintiff in error's predecessor, "its successors and assigns, with a like effect as though deeded and conveyed to said company in fee simple by separate deed," on condition, however, that the property should be subject to reasonable police regulations, that the grantee should construct crossings over the tracks and also put down curbing and pave the crossings whenever the boulevard itself should be paved. Subordinate to above grant the streets as shown on the plat were dedicated to the public for ordinary purposes of travel. Afterwards car tracks were laid in the center of the forty-foot strip and the corporate limits of Oklahoma City were extended to include Linwood Place.

In order to provide funds for paving the public roadways along Linwood Boulevard, the City undertook in 1910 to lay a tax upon the adjacent property, and directed that it be apportioned according to benefits. The Board of Commissioners apportioned to the central strip as its proper share of the expenses, $12,046.16. Instead of assessing this amount directly against the property, the City Council erroneously assessed it against the street car company. Thereafter, the City and the Severns Company, which had put down the paving, procured from the District Court of Oklahoma County a mandamus directing a re-assessment against the land itself, but a hearing upon objections thereto was not specifically provided for.

The Supreme Court of the State (67 Oklahoma, ——) declared: "The fee title to the strip of land in question

here appears to be in the railway company. . . . Its right is not merely an intangible privilege or an easement, but under the terms of the dedication is a fee simple title. . . . The dominion and control of the strip of land in question here is not in the city authorities. If the street should be vacated by the city authorities, this private right of way would not revert to the abutting owners, but would continue to be the property of the railway company. The company took the fee from the original grantors by the dedication before the abutting owners acquired their titles." It then held the land was subject to assessment according to benefits resulting from the paving, and "that when the commissioners proceed in obedience to the decree of the court to reassess the property of the railway company, an opportunity will be given the company to be heard and to complain or object to the amount of the assessment." Nevertheless, it ordered an affirmance of the judgment of the trial court, without more, and by so doing left in serious doubt the right of plaintiff in error to a new and adequate hearing in respect of the assessment. We think, therefore, that the judgment below should be modified and corrected so as definitely to preserve such right. So modified, it is affirmed. The costs here will be equally divided.

The terms and conditions in the original franchise granted by Oklahoma City to the plaintiff in error, which require it, under given conditions, to pave or pay for paving certain portions of occupied streets, are not applicable in the circumstances here presented and cannot be relied upon to defeat the assessment now in question. The land supposed to be benefited belongs to the company; the City has made no contract which prevents imposition upon it of a fair share of the cost of beneficial improvements. *Louisville & Nashville R. R. Co.* v. *Barber Asphalt Paving Co.*, 197 U. S. 430.

*Modified and affirmed.*