## REED et al. v. CITY OF BARTLESVILLE et al.

No. 13458—Opinion Filed March 13, 1923.

Rehearing Denied March 17, 1925.

(Syllabus.)

**Municipal Corporations — Action by Sewer Contractors Against City for Tort—Petition—Insufficiency.**

Record examined, and held, that the action of the trial court in sustaining the demurrer to plaintiffs' petition is not erroneous.

Error from District Court, Washington County; J. R. Charlton, Judge.

Action by E. B. Reed et al. against the City of Bartlesville et al., for damages. Judgment for defendants, and plaintiffs bring error. Affirmed.

Shipman & Lewis and G. A. Paul, for plaintiffs in error.

A. O. Harrison, for defendants in error.

KANE, J. This was an action for damages for tort commenced by plaintiffs in error, plaintiffs below, against the defendants in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiffs" and "defendants," respectively, as they appeared in the trial court.

The sole question presented for review arises out of the action of the trial court in sustaining a general demurrer to plaintiffs' petition.

The allegations of the petition necessary to notice in passing on this question, as we gather them from the statement contained in counsel's brief, may be briefly summarized as follows: That the defendant, the city of Bartlesville, adopted and created by ordinance a certain sewer district and directed the city engineer to prepare and present sections, profiles, plans, plats, and specifications, together with a complete estimate of costs, as provided for by section 468, Rev. Laws 1910; that in pursuance of such direction, said engineer did submit a complete preliminary estimate of the costs of construction of such sewer in the aggregate sum of $154,112.50, to which was added 2 per cent., anticipated extra work, and 7 per cent., city expenses, making an aggregate total estimated cost of $168,198.38. That thereupon the proper city authorities directed the city clerk to advertise for sealed bids for the construction of said work; the plaintiffs being the successful bidders. That thereupon the city entered into a written contract with the plaintiffs to perform said work at a price lower than the aggregate estimate of costs prepared

by the city engineer. That upon the completion of said work the city by ordinance undertook to levy assessments to pay the costs of such improvement and to apportion the cost of such construction against the several lots and tracts of land within the district as provided by section 469, Rev. Laws 1910.

It is conceded by the parties that up to this point all the proceedings hereinbefore referred to were regular on their face, and that the tortious features of the transaction, if any, were disclosed as follows: After the enactment of the assessment ordinance, as provided by section 469, Rev. Laws 1910, certain property owners residing in said sewer district instituted an action in the district court for the purpose of enjoining said assessment upon the ground that the city engineer, in preparing the preliminary estimate of costs, knowingly based the same in part upon the market value of the warrants to be issued to the contractor in payment for such work, which was 25 per cent. below their face or par value; that, while upon this basis the bid of the contractor was within the prepared estimate of the engineer, it would have been in excess of such estimate if the same had been based upon the actual or cash cost of the work, and the contract price would have exceeded the estimate of costs, and therefore was to that extent invalid.

The petition then recites that the city of Bartlesville answered said petition, and thereafter it was adjudged and decreed by the district court that for the reasons stated the tax warrants issued in payment of the work of construction were invalid to the extent of 25 per cent. of their face value, to wit, the sum of $39,277.45.

It is further alleged that at the trial of said cause the city engineer testified that he estimated the costs of the work partly upon the depreciated value of the warrants, and the mayor testified that the engineer informed him of his action, in the premises.

The petition also alleges that the plaintiffs herein had no knowledge of the fact that the engineer had so estimated the costs of the work, and that they in good faith bid on said work of improvement; that an inspection of the engineer's estimate disclosed no latent defect therein, and that, relying upon the correctness of the proceedings of the city of Bartlesville in the adoption of plans, specifications, and estimates of costs, and finding the same on their face to be fair and reasonable and in all things relying upon such records, they bid upon said work and accepted said contract and com-

pleted the work in a satisfactory manner.

Wherefore they pray that by reason of the wrongful acts of the city in adopting such estimate and letting the contract thereon, the plaintiffs have been damaged in the sum of $39,277.45, for which, with interest, they pray judgment.

Counsel insists that the foregoing facts state a cause of action sounding in tort against the city under the rule laid down in Oklahoma City v. Orthwein, 258 Fed. 190, wherein it was held that:

"Where a municipal corporation, which has power to make a contract for internal improvements, contracts for them and stipulates that the agreed price shall be paid out of funds to be realized from special assessments, which it has power to make, it becomes primarily liable to pay the contract price itself."

We are unable to perceive any close analogy between the two cases. In the principal case the court found that the evidence showed that the city was guilty of negligence and of a willful refusal to make valid assessments to pay the bonds of the plaintiff. In the case at bar there is nothing to indicate that the city authorities were either negligent or that they willfully refused to do anything in the matter of making the prescribed estimate of costs.

The petition clearly shows that the city authorities prepared an estimate of costs as provided by section 468, supra, and as soon as the district sewer was completed, they computed the whole cost of the work as provided by section 469, Rev. Laws 1910, and issued tax warrants for the payment of the work in pursuance of the same section.

It is true that it is alleged that the city engineer in making the preliminary estimate of costs knowingly took into consideration the fact that the market value of the tax warrants was 25 per cent. below par. But, assuming that this was unauthorized by the statute, we are unable to perceive how this alone can constitute an actionable wrong against the plaintiffs, nor do we see how they could be injuriously affected by it in their bidding, under any reasonable construction of the law.

Section 468, supra, requires the city authorities to prepare sections, profiles, and specifications for the work, together with a complete estimate of the costs. This the city authorities did. The next step required of the city authorities under this section is to advertise for sealed bids for the performance of this work, upon the receipt of which they shall award the contract to the lowest and best bidder, which con-

tract shall in no case exceed the aggregate estimate of costs submitted with the plans and specifications.

We are unable to perceive that the estimate of costs required by the section has any binding effect whatever upon the contractors in the matter of making bids. It is true it does fix the maximum sum which the city authorities may not exceed in making the contract, but within this limit, indeed beyond it, the contractor is free to exercise his own judgment in the matter of bidding. Neither does the statute require. as counsel seem to assume, that the estimate of costs shall be based upon the actual or cash cost of the work. The section merely provides for the preparation of a preliminary estimate of costs, and of course in making it the city authorities must necessarily make it sufficiently in excess of the actual cost to provide a reasonable margin of profit for the successful bidder.

It may be true, and probably is, that the bids to some extent are based on the sections, profiles, and estimate of costs prepared by the city authorities, but there is nothing in this which prevents the contractors from exercising their own independent judgment and making their bids upon a basis that will insure them a fair profit.

In the case at bar it appears that the city authorities prepared the sections, profiles, specifications, and estimates of costs in good faith, and they still contend that the estimate made is legal and just and that the contractor should be paid in full by the property owners of the district.

In these circumstances, it is fairly clear to us that if the plaintiffs herein suffered any damage, it was not on account of any wrongful or willful act of commission or omission on the part of the city authorities, but wholly on account of the ruling of the district court, which entertained a different view of the law.

While at this time we are not called upon to decide which of these tribunals correctly interpreted the law, we may say in passing that if the bid was fair and not fraudulently excessive, we are unable to perceive that the action of the city authorities complained of furnishes any ground whatever for interfering with paying the contractors the full amount stipulated in the contract, which was well with the estimate.

For the reason stated, the judgment of the trial court is affirmed.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON. and BRANSON, JJ., concur.