## CITY OF NORMAN et al. v. McGINLEY et al.

No. 18694. Opinion Filed Jan. 14, 1930.

Rehearing Denied April 1, 1930.

Geo. Allen, John E. Luttrell, and Hardie & Grim, for plaintiffs in error.

J. B. Dudley, J. D. Grigsby, and John S. Allen, for defendants in error.

HERR, C. In this case numerous property owners of the city of Norman, Okla., seek to enjoin enforcement of a reassessment ordinance passed by the city council, the effect of which was to reassess the property of the owners thereof to compel payment of their proportionate share of the costs of paving certain streets in said city upon which their property abuts. The trial court held the ordinance invalid and enjoined the enforcement of the same. The city of Norman appeals.

Two prior reassessing ordinances affecting the property here involved were held invalid by this court. City of Norman v. Allen et al., 47 Okla. 74, 147 Pac. 1002; City of Norman v. Van Camp, 87 Okla. 182, 209 Pac. 925.

The original assessment ordinance was passed September 27, 1910. This ordinance was held invalid by the district court of Cleveland county for the reason that it did not receive a majority vote of the city council. No appeal was taken from this judgment.

On June 13, 1913, a reassessment ordinance was passed by the city, which ordinance was held invalid by this court. City of Norman v. Allen, supra. Shortly after the rendition of the opinion in that case, the paving contractor recovered judgment in the federal court of the Western District of Oklahoma against the city of Norman in the sum of $79,485.40, together with interest thereon at the rate of six per cent. from April 10, 1916, this being the amount due him under his contract with the city. This judgment was rendered on the theory that the city was guilty of negligence in failing to pass a proper assessment ordinance. Funding bonds were subsequently issued by the city to take up this judgment and a considerable portion of them were retired at the time of the passage of the present assessing ordinance.

After this court held said ordinance invalid, a second reassessment ordinance was passed by the city which was also held void by this court. City of Norman v. Van Camp, supra.

The ordinance here involved was passed on December 23, 1924. It is contended by plaintiffs that this ordinance, among other reasons, is void for the reason that a new appraisement and apportionment was not made as provided by section 4602, C. O. S. 1921, and that notice to property owners was not given as provided by section 4603.

Defendant city of Norman contends that it was not necessary that a new appraisement and apportionment be made and that new notice be given prior to the passage of the ordinance in question, but that the assessment might be made under the original appraisement and apportionment, and without notice.

It appears that appraisers were duly appointed, their report filed, and upon due notice given, was confirmed and approved by the city council in the year 1910, and prior to the passage of the original ordinance. The record further discloses that after the first reassessment ordinance was held invalid by

this court, and after the paving contractor obtained his judgment in the federal court against the city, new appraisers were appointed and a new appraisement and apportionment made and approved by the city council. In our opinion, this action on the part of the city council had the effect of abandoning and setting aside the original appraisement and apportionment. This court thereafter held the reappraisement and reapportionment void, and enjoined the enforcement of an assessment ordinance based thereon. Therefore, at the time of the passage of the present assessing ordinance, there was no appraisement or apportionment upon which to base the same.

The right of the city to reassess after an original assessment is vacated or set aside is found in section 4619, C. O. S. 1921, and is as follows:

"Provided, that in the event that any special assessment shall be found to be invalid or insufficient in whole or in part, for any reason whatsoever, the city council may, at any time, in the manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied, which shall have like force and effect as an original assessment."

Under this section, after the original appraisement and apportionment was set aside, a new appraisement and apportionment as provided by section 4602, and notice as provided by section 4603, was essential to the validity of the assessment.

In the case of Okla. Ry. Co. v. Severns Paving Co., 251 U. S. 104, 64 L. Ed. 168, the Supreme Court of the United States, on appeal from this court, held that where an original assessment is vacated the property owners on reassessment are entitled to notice and entitled to be heard. The same rule was recognized by this court in the above entitled case, 67 Okla. 206, 170 Pac. 216. The Supreme Court of the United States, on appeal, however, took the position that the opinion as rendered by this court was somewhat uncertain in this particular, and, on appeal, modified the judgment thereby making it clear that property owners in cases of this character are entitled to notice and entitled to a hearing upon a reassessment being made.

Counsel for defendant city of Norman. relying upon the case of City of Norman v. Allen, supra, contend that it was unnecessary to have a new appraisement and apportionment made. and that it was unnecessary that it cause notice to be given prior to the passage of the present reassessment ordinance. This case does not support their contention under the record here presented. The original appraisement and apportionment was not assailed in that case. The original ordinance was held invalid for the reason that it did not receive a majority vote of the council. This court held that a new assessing ordinance might be passed based upon the original appraisement and apportionment. Subsequent to the rendition of this opinion, the city took proceedings which necessarily had the effect of setting aside the original appraisement and apportionment, and caused a reappraisement and reapportionment to be made. This court held the assessing ordinance based on the reappraisement and reapportionment void. This holding certainly did not have the effect of reinstating the original appraisement and apportionment. It was, therefore, necessary that a new appraisement and apportionment be made, and notice to property owners be given as provided by statute before a new assessing ordinance could legally be passed. We, therefore, hold the present assessment void.

Judgment should be affirmed.

BENNETT, TEEHEE, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.