GATES et al. v. MISSOURI, K. & T. RY. CO. et al.

No. 1298.

District Court, W. D. Oklahoma.

Jan. 9, 1934.

Ledbetter, Stuart, Bell & Ledbetter, of Oklahoma City, Okl., for plaintiffs.

M. D. Green, Eric Haase, and R. B. F. Hummer, all of Oklahoma City, Okl., and Fred M. Carter, of Bartlesville, Okl., and Everest, McKenzie, Halley & Gibbens and E. E. Blake, all of Oklahoma City, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This is an action to quiet title to the oil and gas rights in and to a tract of land in Oklahoma county, Okl.

So far as material here, the bill of plaintiffs, as amended, in substance alleges that the Missouri, Kansas & Oklahoma Railroad Company, a railroad corporation, instituted a statutory condemnation proceeding in March, 1902, in the district court of Oklahoma county, in the then territory of Oklahoma, against plaintiff James N. McCornack, for the purpose of condemning said land for railroad purposes; that appraisers were appointed by the judge of said court, and filed their report on May 20, 1902, assessing the damages which McCornack sustained and might sustain by reason of the taking of said land for railroad purposes, at the sum of $18,150; that the rail-

road company was unwilling to pay that amount for the rights which would inure to it under the condemnation proceeding, and finally compromised the amount of the award with McCornack by paying him $13,-500 and taking from McCornack and his wife (another plaintiff herein) a warranty deed to the property on August 2, 1902 (a copy of this deed is made an exhibit to the bill); that the condemnation proceeding was permitted to remain on the court docket until May 18, 1907, at which time, upon stipulation of the railway company and Mc-Cornack (the sole parties to the action), the condemnation proceeding was dismissed at the cost of the railroad company; that the warranty deed was executed solely for the purposes of effectuating a compromise between McCornack and the railroad company of the damages claimed by McCornack by reason of the construction and operation of the railroad, and that it was not the intention of McCornack nor the railroad company to enlarge the rights acquired in the condemnation proceeding or to give the railroad company anything more than a railroad right of way in the land, and that the railroad company did not and could not acquire by the deed any right or title to the oil and gas rights; that the defendant Missouri, Kansas & Texas Railway Company, as successor to the Missouri, Kansas & Oklahoma Railroad Company, never acquired any right or title to the oil and gas rights in the land, but that the same belonged to the plaintiff and defendants E. E. Blake and W. H. Ivy, who have not joined as plaintiffs and are made defendants in order that they may set up whatever cause of action they may have; and that the Missouri, Kansas & Texas Railway Company, on January 5, 1930, leased the lands to defendants Indian Territory Illuminating Oil Company and Phillips Petroleum Company, for the production of oil and gas therefrom, and that this lease to these defendants is a cloud upon the title of plaintiffs.

The defendants Missouri, Kansas & Texas Railway Company, Indian Territory Illuminating Oil Company, and Phillips Petroleum Company have moved to dismiss the bill upon the ground that the same fails to state any cause of action, and the cause is now pending upon this motion to dismiss.

It is the position of the defendants that the warranty deed executed by the McCornacks to the Missouri, Kansas & Oklahoma Railroad Company conveyed a fee title to the land to the Missouri, Kansas & Oklahoma Railroad Company, and that its successor in title, the defendant Missouri, Kansas & Texas Railway Company, could lease the land for oil and gas purposes without restriction. On the other hand, the plaintiffs contend that the said deed was only a grant of the land for railroad purposes, and that the railroad company did not and could not take title to the oil and gas rights. An examination of the deed shows that it is a general warranty deed, without any reservation of any kind, and without limitation as to the character of interest conveyed.

At the time of the execution of the deed by the McCornacks to the Missouri, Kansas & Oklahoma Railroad Company, the Oklahoma Territorial Statutes contained the following provision, found in section 1022, Wilson's Rev.&Ann.Stat.1903, as to the power of railroad corporations in the acquisition and disposal of property, namely: "To acquire under the provisions of this article, or by purchase, all such real estate and other property either within or without this Territory, as may be necessary for the construction, maintenance and operation of its railroad, and the station, depot grounds, and other accomodations reasonably necessary to accomplish the objects of its incorporation; to hold and use the same, to lease or otherwise dispose of any part or parcel thereof, or sell the same when not required for railroad uses, and no longer necessary to its use." This statute was construed by the Circuit Court of Appeals for the Eighth Circuit in the case of Gilbert v. Missouri, K. & T. R. Co., 185 F. 102, in an opinion rendered in 1911. This case involved a warranty deed made to the same Missouri, Kansas & Oklahoma Railroad Company in August, 1902, and was a suit against its successor, the Missouri, Kansas & Texas Railway Company, for the removal and conversion of oil from the land conveyed. There can be no distinction between this case and the instant case, except the presence here of the condemnation proceeding. In its opinion the court said, referring to the provision of the statute above quoted: "This law by necessary implication confers the power upon railroad corporations to take a fee title to land purchased for right of way or other railroad purposes. Counsel for plaintiffs in error seem to think that when it is once established that the land in question was con-

veyed for right of way and railroad purposes only, their case is made; but this fact which is a conceded one in this case by no means determines the quantity of the estate conveyed. We thus have power in the railroad company to take an estate in fee when it acquires land by purchase for railroad purposes, and we have a deed of conveyance unambiguous in terms which on its face conveys an estate in fee. This being so, we are not at liberty to go outside of the deed to ascertain the quantity of the estate conveyed thereby."

The court further cites section 907 of Wilson's Rev.&Ann.Stat., providing as follows: "Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee simple and of inheritance unless limited by express words," and follows with this statement: "We simply decide that, conceding the conveyance of the land in question was for railroad purposes only, still the deed that was executed for the purpose of conveying the land, when construed with reference to the laws of Oklahoma, conveyed an estate in fee."

After a careful consideration of the elaborate briefs submitted, it is my opinion that the Gilbert Case is controlling here. The institution of the condemnation proceeding cannot alter the situation.

It may be true that by the condemnation proceedings the railroad company could have acquired only the right to the use of the land for railroad purposes. The right acquired by a railroad company under condemnation proceedings or voluntary conveyances is ordinarily controlled by the applicable constitutional and statutory provisions within the jurisdiction where such condemnation proceedings are had. As to the character and extent of such rights, see Midland Valley R. Co. v. Corn (D.C.) 21 F.(2d) 96; Kansas Central Ry. Co. v. Allen, 22 Kan. 285, 31 Am.Rep. 190; Abercrombie v. Simmons, 71 Kan. 538, 81 P.

208, 1 L.R.A.(N.S.) 806, 114 Am.St.Rep. 509, 6 Ann.Cas. 239; Midland Valley R. Co. v. Sutter et al. (C.C.A.8) 28 F.(2d) 163. But the rights acquired by the railroad company were not acquired by reason of the statutory condemnation proceedings, but by contract between it and the McCornacks, whereby it received a fee-simple title by warranty deed.

The following other decisions may also be cited in support of the Gilbert Case: Missouri, Kansas & Texas Railway Co. v. City of Tulsa, 45 Okl. 382, 145 P. 398; Oklahoma Railway Company v. Severns Paving Company, 67 Okl. 206, 170 P. 216, 10 A.L.R. 157; Oklahoma City v. Orthwein (C.C.A.8) 258 F. 190.

The case of Oklahoma Railway Company v. Severns Paving Company, supra, went to the Supreme Court of the United States, and that high court appears to have approved the opinion of the Supreme Court of Oklahoma in its statement that a railroad company may take fee-simple title under general warranty deed. Oklahoma Railway Company v. Severns Paving Co., 251 U.S. 104, 40 S.Ct. 73, 64 L.Ed. 168.

Judge Vaught recently considered motions to dismiss a similar bill in the case of Noell et al. v. Frisco Lease, Inc., et al., No. 1386 Equity,[1] in this court, and in an opinion reviewing the authorities at length, sustained such motions. I am in complete accord with the conclusions reached in his opinion.

Following the decisions above cited, I am compelled to hold that the deed executed by the McCornacks conveyed at the time all their right, title, and interest in the land in controversy and that the grantee railroad company, with capacity to so take, received an estate in fee to said property, and consequently the plaintiffs have no cause of action against the moving defendants.

Therefore, the motion to dismiss is sustained.

---

[1] Not published; see Circuit Court of Appeals opinion, Knoell v. Frisco Lease, Inc., 78 F.(2d) 286.