EULER et al. v. CITY OF OKLAHOMA CITY.

No. 30868. Oct. 12, 1943.

Rehearing Denied Dec. 21, 1943.

*143 P. 2d 814.*

R. B. McCabe and Leslie D. Ringer, both of Oklahoma City, for plaintiffs in error.

A. L. Jeffrey and Granville Scanland, both of Oklahoma City, for defendant in error.

BAYLESS, J. William L. Euler and Martin J. Wlecke, on behalf of themselves and all others similarly situated, instituted an action in the district court of Oklahoma county against the city of Oklahoma City, a municipal corporation, in tort to recover damages alleged to have been suffered by them and the others of their class, who are the holders of certain bonds in series 75, issued by said city in connection with a certain paving district, by the negligence of the city in permitting the owner of certain property to escape payment of its proper share of the costs of the paving district and resulting in the loss of the right of reassessment of the property of the district, as the result of which these

bondholders have been unable to obtain payment of their bonds and the interest thereon. After several amendments to the petition had been filed, the trial court sustained a general and special demurrer, and the plaintiffs appeal. While the demurrer sustained was general and special, we gather from the transcripts and briefs that in reality the only question presented and considered by the court as the basis for its ruling was the statute of limitations. In the plaintiffs' brief, two propositions are urged, one being that the petition does state a cause of action and the other that the petition does not show on its face that the statute of limitations has run. With the latter proposition is coupled a plea of estoppel against the city to raise the issue of the statute of limitations.

From the record and briefs it appears that this paving district was created in the year of 1908 and about $24,000 of the cost was assessed against the property of a street railway which occupied a portion of the street so improved. After the improvement was completed, the assessments of the benefits made, and the bonds issued and an attempt was made to collect from the street railway company, that company filed an action in the United States District Court for the Western District of Oklahoma to obtain equitable relief against the enforcement of the assessment on its property and through the negligence of Oklahoma City (Oklahoma City v. Eastland, 135 Okla. 155, 274 P. 651) judgment was obtained by the company to the effect that the assessment of any part of the cost of the improvement against it or its property was illegal and permanently enjoined the enforcement of the assessment attempted to be made against it or its property. This judgment was entered about 1913. Later an action was filed in the United States District Court for the Western District of Oklahoma wherein an effort was made with respect to this and other paving districts to recover damages from Oklahoma City for its negligence in permitting the judgment to be taken

against it as aforesaid to the damage of the holders of bonds, not described herein, and in that case judgment was obtained against Oklahoma City by the holders of certain bonds, and this judgment was affirmed by the Circuit Court of Appeals, 8th Circuit, April 28, 1919, Oklahoma City v. Orthwein, 258 Fed. 190. Thereafter Oklahoma City undertook to reassess the property in the district covered by these bonds, and on appeal to this court it was held that where a city had by its negligence created a situation where it could not enforce the original assessments against certain property for street improvements it lacked the power to reassess the other property in the district therefor. Oklahoma City v. Eastland, supra.

Yet another attempt was made to recover from Oklahoma City both ex contractu and ex delictu on some of the bonds of this series. Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. 2d 94. In that case recovery was sought ex contractu because of certain language in the bonds whereby the city agreed to cause the levy and collection of assessments against the property liable from which it was argued that the city was legally bound to collect the money due on the annual installments; in other words, that an underwriting by the city supported recovery. And it was sought to recover ex delictu upon the basis of a tortious breach of the duties arising under the language of the contract.

Recovery on either theory was denied because the asserted basis for the causes of action could not exist in Oklahoma under controlling statutes.

In that opinion it was pointed out that the basis for recovery in Oklahoma City v. Orthwein, 258 Fed. 190, was not presented, but the federal decision was rejected entirely as any authority in support of either theory or recovery.

We are of the opinion that the federal courts erroneously construed and applied our Constitution and statutes when they held that a city could be liable under the facts of that case or

this, under section 4610, C. O. S. 1921, § 635, R. L. 1910 (ch. 10, § 5, page 174, S. L. 1907-08), and that the language of Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. 2d 94, construing this section is applicable in this case, and the reasoning thereof wholly precludes the notion that any liability can attach to a city in Oklahoma such as is sought to be attached here.

No cause of action for damages for negligence was stated, and the court correctly sustained the demurrer to the petition, as amended.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., absent.