FOOTE CO., Inc., v. CITY OF
McALESTER.

No. 32302. Sept. 17, 1946.

*172 P. 2d 617.*

A. C. Markley, of McAlester, for plaintiff in error.

H. I. Aston, of McAlester, for defendant in error.

DAVISON, J. Plaintiff in error is alleged to be the holder of 15 paving bonds issued by defendant in error. It commenced this action December 2, 1940, by filing its petition, as plaintiff, to recover against the city, as defendant, the face value of said bonds with interest as damages on account of the alleged neglect of the city to take the necessary action to collect the tax assessments levied to provide the fund for payment of such bonds; and the alleged neglect and willful omission and failure of said city and its governing board to exercise its powers for the payment of said paving bonds by the issuance of refunding street improvement bonds as provided by Senate Bill No. 164 of the Seventeenth Oklahoma Legislature (11 O.S. 1941 § 242) after plaintiff had delivered to the city clerk of said city, on September 12, 1939, its application therefor, in accordance with the terms of said act.

The trial court sustained the defendant city's demurrer to plaintiff's petition, and upon plaintiff's election to stand on said pleading, entered judgment dismissing the action. From said judgment, plaintiff has appealed.

Plaintiff's position is that its petition stated a cause of action in damages against defendant, while defendant maintains that the trial court's judgment to the contrary was correct for the reason, among others, that it was not liable as in tort for the neglect, omission, and failure of its officers and agents alleged by plaintiff, but that the latter's remedy, if any, is by proceeding for a writ of mandamus to compel said officers and agents to act.

As authority for its position, plaintiff cites the annotation at 38 A.L.R. 1271, showing some cases in which municipalities have been held liable in damages to the holders of municipal improvement bonds for the neglect or refusal of the municipal authorities to perfect or enforce assessments to liquidate such bonds, as well as the cases of Wilson v. City of Hollis, 193 Okla. 241, 142 P. 2d 633; Board of Education of City of Chickasha et al. v. City of Chickasha, 195 Okla. 127, 155 P. 2d 723; City of Drumright v. McCormick, 118 Okla. 140, 247 P. 25; and Oklahoma City v. Orthwein (C.C.A. 8th Cir.) 258 F. 190. The opinions by this court, thus cited, all dealt with the remedy of a bondholder for compelling payment of special assessments against public property and do not purport to hold that a municipal corporation may be held liable in damages for the failure of its officers or agents to make or collect assessments to pay paving bonds. In this case, it is not alleged that there is any property belonging to the city in the paving district involved.

In Severns Paving Co. v. Oklahoma City, 158 Okla. 182, 13 P. 2d 94, this court had occasion to deal fully with the character of liability that is sought to be imposed upon the city in this case and after carefully examining the leading cases on the subject, including Okla-

homa City v. Orthwein, supra, refused to sustain such liability and held:

"Under the Oklahoma statutes, paving bonds cannot be enforced against the city issuing the same as a debt, nor as a measure of damages either in an action ex contractu or in an action ex delicto, for neglect, delay, or refusal to assess or reassess any of the property specially benefited by the improvement, the provision in the statutes that such bonds shall in no event become a liability of the city issuing the same requiring the bondholder to resort to proceedings in mandamus in such event to force the making of such assessment or reassessment."

The above decision has since been followed by this court as well as the circuit court and we think it conforms to the weight of well reasoned authority in other jurisdictions. See Euler et al. v. Oklahoma City, 193 Okla. 393, 143 P. 2d 814; and Powell v. City of Ada, (C.C.A. 10th Cir.) 61 F. 2d 283; Gagnon v. City of Butte, 75 Mont. 279, 243 P. 1085, 51 A. L. R. 966, and the annotation thereto; Town of Capitol Heights v. L. Steiner, 211 Ala. 640, 101 So. 451, 38 A.L.R. 1264, and the annotation thereto. While plaintiff's alleged cause of action seems to be based in the main upon the neglect or refusal of the city's officers and agents to perform duties not imposed upon them by statute when the Severns Paving Company Case was decided, and until enactment of Senate Bill No. 164, supra, in 1939, we think there is no distinction in the statutory limitations of the city's liability or the controlling principles involved in the two cases. It is true, as pointed out in the Powell Case, the court, in the Severns Paving Company Case "expressly stated that it was not considering the situation 'which relates to a loss of the right to assess . . .'", but here, despite plaintiff's allegation of "great loss" by reason of defendant's failure to perform its allegedly mandatory duty of issuing refunding bonds, and that by its application for the issuance of such bonds, plaintiff waived and released its right to foreclose its paving bond liens on the lots in the paving district involved,

there is no demonstration that because of said application, the bonds cannot be collected in one of the ways provided by statutes enacted previous to 1939 (see City of Clinton ex rel. Schuetter v. First Nat. Bank in Clinton (Okla. D. C.) 39 Fed. Supp. 909), especially as Senate Bill No. 164, supra, has been held unconstitutional (Hann et al. v. City of Clinton ex rel. Schuetter (C.C.A. 10th Cir.) 131 F. 2d 978), or that the city officials cannot be compelled by mandamus to perform their statutory duties in connection with the collection of said bonds.

In view of the foregoing authorities, we therefore hold that the remedy, if any, for the matters complained of in plaintiff's petition is a writ of mandamus to compel the city officials, who are charged with failure and neglect, to perform their statutory duties; and the trial court was correct in determining that the facts alleged therein were insufficient to entitle plaintiff to a money judgment against defendant as prayed for.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, and WELCH, JJ., concur.