**TURNER, Commissioner of Finance, v. MAXWELL INV. CO.**

No. 7512—Opinion Filed Nov. 6, 1917.

(168 Pac. 787.)

(Syllabus.)

**Mandamus — Municipal Officers — Certification of Assessments—Statute.**

The provision of the statute requiring a certification to the county treasurer of assessments due for paving being mandatory, mandamus will lie to compel the proper municipal officer to certify assessments due according to the appraisement and apportionment made by the assessing ordinance.

Error from District Court, Comanche County; Cham Jones, Judge.

Mandamus by the Maxwell Investment Company, a corporation, against W. D. Turner, as Commissioner of Finance of the City of Lawton, Okla. Writ awarded, and the commissioner brings error. Affirmed.

Whalin & Burton, for plaintiff in error.

Johnson & Stevens, for defendant in error.

OWEN, J. This action was brought by defendant in error, in the district court of Comanche county, for writ of mandamus to compel the plaintiff in error, as commissioner of finance of the city of Lawton, to certify to the county treasurer for collection the unpaid installments due for certain pavement in the city of Lawton. The writ was awarded by the trial court directing the commissioner to make the certification. To review the judgment the case was brought here by the commissioner.

Plaintiff in error in his brief urges two assignments in error, as follows: (a) That the decision of the court is not sustained by sufficient evidence. (b) That the decision of the court is contrary to law.

It appears that defendant in error is the owner and holder of certain paving bonds delivered to the contractor for the paving in question. No contention is made as to any irregularity as to the proceedings of the city council and ordinance providing for the paving, the letting of the contract, or issuance of the paving bonds held by the defendant in error. The controversy here arose by reason of the commissioner of finance certifying to the treasurer a less amount than that fixed by the appraisers and apportioned to the various lots within the paving district. The commissioner credited against the amounts fixed an amount which he insists a street railway company was liable for, the railway company having constructed its tracks on the paved street after the proceeding providing for the paving. The trial court held the duty of the commissioner to certify the assessment as made by the appraisers to be purely ministerial and without any discretion in the commissioner as to reductions and credits. Under the holding of this court in the cases of City of El Reno v. Cleveland Trinidad Paving Co., 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650, and Oklahoma Ry. Co. v. Severns Paving Co., 67 Okla. —, 170 Pac. 216, the judgment of the trial court must be affirmed.

It is so ordered.

All the Justices concur.