SINCLAIR REFINING CO. et al. v. BURROUGHS et al.

RAWLINGS et al. v. SAME.

REZAC et al. v. SAME.
Nos. 2537–2539.

Circuit Court of Appeals, Tenth Circuit.
Jan. 20, 1943.

Robert M. Williams, of Oklahoma City, Okl. (Edward H. Chandler and Ralph W. Garrett, both of Tulsa, Okl., on the brief), for appellants Sinclair Refining Co. and Commonwealth Transp. Co. in No. 2537.

Ray S. Fellows, of Tulsa, Okl., for appellant Stanolind Pipe Line Co. in No. 2537.

Breck Moss, of Oklahoma City, Okl. (Hal Johnson, of Oklahoma City, Okl., on the brief), for appellants in No. 2538.

R. M. Rainey, of Oklahoma City, Okl. (Streeter B. Flynn and R. M. Rainey, Jr., both of Oklahoma City, Okl., on the brief), for appellants in No. 2539.

Byron Lamun, of Shawnee, Okl. (Claude Hendon, of Shawnee, Okl., on the brief), for appellees in Nos. 2537, 2538, and 2539.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

J. E. Burroughs, Trustee of the estate of David D. Aitken, deceased, instituted this action in the District Court of the United States for the Western District of Oklahoma against the Board of County Commissioners of Pottawatomie County, Oklahoma, seeking recovery of $9,000, the par value of nine drainage district bonds, held by him, together with interest thereon. The ground on which the action was predicated was that the County Commissioners negligently failed to collect assessments, misappropriated proceeds from the sale of time warrants issued and sold for the part of the assessment levied against the county as a whole, and in some instances canceled assessments on property in the benefit district chargeable with the cost of the improvement, and the payment of the bonds issued therefor. That as a result thereof the county became liable to appellee for the face value of the bonds and accrued interest thereon.

The petition also named Elbert F. Rawlings, Mrs. Elbert F. Rawlings, his wife; Cecilia Rezac; Aloysuis A. Schroepfered; Frank A. Schroepfered; Mary S. Schroepfered; August M. Schroepfered; Michael C. Schroepfered; Anna N. Schroepfered; William C. Schroepfered; Ester C. Schroepfered; and Frank Schumacher, as parties defendant. No personal judgment was asked against them. As to them, the petition alleged that they were the owners

of property subject to valid liens, which liens had been wrongfully canceled by the Board of County Commissioners. Plaintiff asked for a declaratory judgment establishing the validity of the original assessments levied on their properties.

While appellants Sinclair Refining Company and the Stanolind Pipe Line Company were not formally named as parties defendant, plaintiff did ask a declaratory judgment against them establishing a lien against their property for the assessments levied against it in favor of the county.

The prayer of the petition was for judgment as follows: (1) That plaintiff have judgment against the county for $9,000 with interest thereon; (2) that the county be adjudged liable for the time warrants the proceeds of which were misappropriated, and that the drainage district sinking fund be entitled to recover such amount from the county; (3) that the original assessments on certain described tracts of real estate belonging to individual defendants which had been canceled constituted liens against said lands subject only to the lien of the state for ad valorem taxes; (4) that the assessment made against the Prairie Pipe Line Company and the Sinclair-Prairie Pipe Line were legal and valid liens on the property of said corporations; (5) that upon payment of the amount due plaintiffs, the county should be entitled to a lien upon the real estate of the individual defendants and on the property of the pipe line companies; (6) that the time warrant undisposed of be sold or cashed by the county commissioners and the proceeds applied on the judgment rendered in favor of plaintiffs and that a judgment assessment be levied against the property on the tax rolls of the entire county to pay the difference between said amount and the total amount of the time warrants misapplied by the county commissioners; and (7) that all funds realized be first applied to the satisfaction of plaintiff's judgment and that the excess, if any, be set aside by the treasurer as a special trust fund to be repaid to the landowners in the district for any sums paid by them on the levy made by the county to pay the judgment rendered in certain other cases.

In its answer, as finally amended, the county prayed that if plaintiff recover judg-ment it be paid out of any money in the hands of the county belonging to the benefit district fund, and that as to any unpaid portion the court establish a lien in favor of the county against the property of the two pipe line companies, with the right to enforce the same as by law provided with reference to tax liens. It did not join in the prayer of plaintiff to establish a lien against the property of the individual defendants.

The court gave plaintiff judgment against the Board of County Commissioners for $10,350 and interest, and provided that the judgment should run against the county and not against the lands in the drainage district and that it be paid by the county as other judgments are paid by it. Further judgment was entered, holding valid the assessments against the lands of all the other defendants, that the same constituted valid liens against the lands of such defendants; that the liens established were for the benefit of the county to reimburse it, when collected, for payment of the judgment entered against it in favor of plaintiff, and that the liens be collected as delinquent taxes under the laws of the state.[1]

Was plaintiff entitled to a declaratory judgment against the defendant property owners in the drainage district adjudicating the validity of assessments on their property? The declaratory judgment act, 28 U.S.C.A. § 400, created no new substantive rights. It is procedural in nature, designed to expedite the establishment of rights between parties when an actual justiciable controversy exists between them as distinguished from a hypothetical or abstract question or controversy. The declaratory judgment must establish rights and declare liabilities which as a result thereof may be enforced by the prevailing party against the loser in a subsequent action.

Tested by this rule, plaintiff's petition failed to state a justiciable controversy upon which a declaratory judgment might be based. Plaintiff sought to establish no claim for relief against the defendants other than the county. Neither did he seek or assert any relief dependent upon the status of the special benefit assessments on any property in the benefit district. He

[1] A question might be raised whether under the decisions of the Supreme Court of Oklahoma the judgment against the county on the bonds is not void. The county, however, has failed to appeal and that question is therefore not raised by the appeal.

did not seek the collection of any special assessments or the sale of property subject to liens for delinquent assessments or the establishment of liens to make available funds for the payment of his bonds. The only relief he sought was a judgment against the county to be satisfied by a judgment levy on property within the county. Under these conditions a declaratory judgment adjudicating the status of the liens would merely settle a hypothetical abstract question of law. It would settle no question upon which any right he asserted against the defendants depended.

Whether the right of way of the pipe line companies is subject to special benefit assessments presents a serious question. Sec. 331, Title 82 O.S.A., directs that the assessments be placed on *all lands* benefited by the improvement. The terms "lands" and "real estate" as used in the Oklahoma statutes are not synonymous terms. Section 5 of Title 60 O.S.A., defines "real property" as consisting of:

"1. Land.

"2. That which is affixed to land.

"3. That which is incidental or appurtenant to land.

"4. That which is immovable by law."

Section 6 of the same Title defines lands as follows:

"Land is the solid material of the earth, whatever may be the ingredients of which it is composed, whether soil, rock or other substance."

█ Having defined the terms "land" and "real property," it must follow that when the law making body of the state uses one or the other of these terms, it uses them in the sense in which it had defined them. The applicable statute having directed that the assessment shall be levied on the land benefited by the improvement, it follows that the interests of the pipe line companies can be assessed only if they fall within the term "land" as it has been defined by law.

The cases cited by the county to sustain the assessments, as well as those upon which the trial court based its opinion, are not strictly in point. An analysis of them reveals that in every instance they involve statutes authorizing assessments on real estate. In Empire Natural Gas Co. v. Southwest Pipe Line Co., D.C., 25 F.2d 742, the court construed section 1153, Revised Laws of Oklahoma, 1910, 16 O.S. 1941 § 14, which provides that: "The words 'land,' 'real estate' and 'premises' when used herein or in any instrument relating to real property, are synonyms * * *." Standard Pipe Line Company v. Index-Sulphur Drainage Dist., 173 Ark. 372, 293 S.W. 1031, held that: "Right of way in pipe line held subject to assessment as real property * * *." Tide Water Pipe Company, Ltd., v. Berry, Collector, 53 N.J.L. 212, 21 A. 490, held that the grant of the pipe line right of way constituted a fee and was taxable under the definition of "real estate" contained in the statute. The second paragraph of the syllabus in Swann et al. v. Washington Southern R. Co., 108 Va. 282, 61 S.E. 750, is as follows: "Under Code 1904, § 1105f(3)–(6), authorizing the condemnation of 'lands or any interest or estate therein, or materials or other property,' an easement of right of way is subject to condemnation."

█ Had the legislature used either or all of the terms, "land", "real property", or "real estate", and coupled therewith the further term "or any interest therein", as it might have done, there would be no question but that these rights of way would be assessable. But this it did not do. It used the term "land" and stopped there, and we may not by interpretation read into the law after the word "land", "or any interest therein." The assessment must fail unless we can find decisions of the Supreme Court of Oklahoma holding that such rights of way as are involved here constitute land as that term is defined in the laws of Oklahoma.

It appears to us that the key to the problem is found in the following decisions by the Oklahoma Supreme Court: Oklahoma City v. Shields, 22 Okl. 265, 100 P. 559; Missouri, K. & T. R. Co. v. City of Tulsa, 45 Okl. 382, 145 P. 398; Oklahoma R. Co. v. Severns Paving Co., 67 Okl. 206, 170 P. 216, 10 A.L.R. 157; and Oklahoma City v. Eastland, 135 Okl. 155, 274 P. 651.

The Shields case involved the right to levy special benefit assessments on that portion of a railroad company's right of way more than that part between the rails and two feet on each side thereof.[2] The court said [22 Okl. 265, 100 P. 562]: "These railroad companies do not own their several rights of way, but simply oc-

---

[2] By statute, that part of the right of way between the rails and for two feet on each side was made liable for the cost of improvement.

cupy them and have easements therein obtained from the public. If in any case they have purchased and own the land occupied by and adjoining the right of way, there is no reason why in such cases the assessments should not be made against the land so owned, and in this event the plan of assessment would be the same as against the individual—the natural person."

The clear inference from this is that a railroad company's right of way is not subject to benefit assessments unless it is owned in fee, then, of course, it would constitute land.

In the Missouri, K. & T. R. Company case, the railway owned certain lots in fee, included in its right of way. It sought to restrain the levy of special benefit assessments on that part of the lots more than two feet beyond the rails. The court held that it owned these lots in fee and that they were therefore assessable. In the Severns Paving Company case, the railroad sought to restrain assessments against a right of way which it held by dedication in the plat to the city. The court discussed the Shields case and those cases holding that assessments may not be levied on easements. The distinction made is that the dedication in the Severns case vested the fee title in the railway company. In its opinion, the court says [67 Okl. 206, 170 P. 218, 10 A.L.R. 157]: "The railway company here holds an entirely different estate. Its right is not merely an intangible privilege or an easement, but under the terms of the dedication is a fee-simple title."

In the Eastland case, the court held that a tract of land about 33 feet in width along the center of a city boulevard occupied exclusively by a street railway company, held by voluntary deed of dedication from the private owners of the land for street railway purposes, and from which the public was excluded by means of a curb, was private property and was a "lot, piece, or parcel" [135 Okl. 155, 274 P. 653] of land, fronting and abutting upon the boulevard within the meaning of the applicable street improvement act, and subject to assessment for the cost of paving said boulevard, regardless of whether the title of the railway company amounts to an absolute fee. The court discussed the interpretation and effect of the Severns Paving Company case in the following language: "It is contended that Oklahoma Railway Co. v. Severns Paving Co., supra, holds that a right of way of a street railway company is liable for special assessments for street improvement only when the title in the railway company amounts to a fee. Such is not the holding in the case. The court did hold that the title in the railway company in that case amounted to a fee, but a reading of that case will disclose that the court made a clear distinction between cases holding that a street railway company was not liable for special assessments and cases in which the street railway company owned the exclusive right of way. In the first class of cases it is pointed out that the right to use the streets were merely easements where the public was not excluded. In the later class it is pointed out that the right of way is private, from which the public·is excluded, and is as much a lot or tract or parcel of land abutting on the improvement as though it were owned by an individual person. The reasoning employed in that case supports the view we here express."

■ The doctrine of the Eastland case is that unless an easement gives the exclusive right to the possession and control thereof it is not subject to special benefit assessments.

The right of way contracts in this case simply gave the refining companies "the right to lay, maintain, inspect, operate, replace, change or remove pipe lines" across the land. No particular tract is defined or set aside. There is no way to determine the extent in area of the easement. The companies have no exclusive right of control or possession. The grantor reserves the right to farm, graze or fence the right of way. The companies agree to bury the pipe line so it will not interfere with farming operations and to pay for all damage to growing crops, pastures, fences, or livestock, resulting from its operations. At best, all that the pipe line companies obtained was a mere easement or license to lay and maintain its pipe line across this land at a depth that would in no way interfere with the possession or operation of the land by the owner. To hold such an easement subject to special benefit assessment would seem to us to wipe out the distinction made in the Severns Paving Company case as interpreted in the Eastland case.

■■ The power of the board to levy assessments is statutory and must be strictly construed. American-First National

Bank of Oklahoma City v. Peterson, 169 Okl. 588, 38 P.2d 957. The statute empowers it to levy these assessments only against "lands." It follows that the assessment against the rights of way of the appellant pipe line companies were unauthorized and are therefore void. American-First National Bank of Oklahoma City v. Peterson, supra.

It is further urged that the assessments against the pipe line companies are void because levied against the corporations and not against the lands owned by them. We cannot agree with the conclusion of the trial court that the resolution of the Board levied the assessments against the lands and not against the pipe line companies. The introductory paragraph of the resolution is as follows: "Be It Resolved that the County Clerk enter on the Drainage record of said County, the assessments upon the lands embraced in said district as shown by the viewers' report and as amended by this Board. * *"

It is true that the resolution directs the county clerk to enter the assessments upon the lands as shown by the viewers' reports, but it goes further and provides that they be entered as amended by the Board. This paragraph of the resolution directs that they be entered "as follows, to-wit:" Then follows a list of names of the individual land owners with an exact description of the lands of each, giving the section, township and range numbers and the number of acres in each tract. At the conclusion of these assessments follows another paragraph of the resolution, which reads as follows:

"Be It Further Resolved that there be assessed against the following corporations the amounts set opposite their names:

"Gulf Colorado and Santa Fe Rwy. Co.,                    $3500.00
"Prairie Pipe Line Company      $1000.00
"Sinclair Pipe Line Company     $ 500.00"

From this, it appears that the Board intended to treat the assessments against the pipe line companies separate and apart from the assessments against the lands of individual owners and that it intended to levy them against the corporations. This intent is further evidenced by the part of the resolution relating to interest, which reads as follows: "Be It Further Resolved that said assessments on said lands *and said corporations* shall bear interest at 6 per cent until paid." Had it been the intent to levy the assessment against the lands of the corporations, it would not have been necessary to add the words "and said corporations" because the six per cent interest would run against the assessments on the lands of the corporations the same as the lands of the individual land owners, without the addition of said words. An assessment against the owners and not against the land is void. Guaranteed State Bank of Durant v. D'Yarmett et al., 67 Okl. 164, 169 P. 639. Whether the assessments be treated as levied against the rights of way of the corporations or against themselves, they are void and may therefore be challenged in this proceeding. Morrow v. Barber Asphalt Paving Co., 27 Okl. 247, 111 P. 198; American-First National Bank of Oklahoma City v. Peterson, supra; Boswell v. Chambless, 189 Okl. 112, 113 P.2d 832.

The declaratory judgment in favor of appellee J. E. Burroughs and the judgment in favor of appellee The Board of County Commissioners of Pottawatomie County, Oklahoma, are reversed, without prejudice, however, to any rights of subrogation that Pottawatomie County, Oklahoma, may wish to assert in any appropriate proceeding.