SECURITY MUTUAL CASUALTY
COMPANY, Plaintiff-Appellee,

v.

CENTURY CASUALTY COMPANY,
Defendant-Appellant.

No. 77–1752.

United States Court of Appeals,
Tenth Circuit.

Argued March 14, 1979.

Decided May 12, 1980.

James H. Mosley, Denver, Colo. (Mosley, Wells & Spence, and Michael F. Scott, Denver, Colo., were on brief), for defendant-appellant.

A. Denison Weaver, Chicago, Ill. (John E. Clough of White & Steele, Denver, Colo., was on brief), for plaintiff-appellee.

Before HOLLOWAY, BARRETT and McKAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

Plaintiff-appellee, Security Mutual Casualty Company (Security Mutual), a reinsurer of primary insurance contracts, brought this suit as a declaratory judgment action seeking a determination of its rights and liabilities under a reinsurance treaty with Century Casualty Company (Century), the defendant-appellant, and recovery of its expenses in participating in an appeal from a judgment against one of Century's insureds. Following a crash of an aircraft of Anderson Aviation Company, Century's insured, Century had defended Arizona suits against Anderson and asserted a claim for recovery under the reinsurance treaty. Century filed a counterclaim in Security Mutual's declaratory judgment suit, alleging an antitrust violation and asking for reimbursemen' under the terms of the reinsurance treaty.

Agreeing with arguments of Security Mutual, the district court found that timely notice of certain claims had not been given by Century and held that Security Mutual was not liable under the reinsurance treaty since notice was a condition precedent to Security Mutual's obligation to indemnify Century. We reversed the trial court's decision, holding that the notice provision of the reinsurance treaty was a covenant by Century and not a condition precedent to Security Mutual's duty to make payment. *Security Mutual Cas. Co. v. Century Cas. Co.*, 531 F.2d 974 (10th Cir.), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137. We concluded (*id.* at 979):

> *We reverse the judgment insofar as it holds Security Mutual is not liable under the reinsurance treaty for the Anderson Aviation judgment. The amount of its liability should be determined under the terms of the reinsurance treaty.* Therefore, the judgment for damages is also reversed. . . . We remand with directions to enter judgment consistent with this opinion. (Emphasis added).

On remand the district court interpreted our decision and mandate to allow Security Mutual to present evidence of its damages caused by the breach of the notice covenant in the reinsurance treaty and scheduled a hearing for that purpose, as well as for the determination of the amount of Security Mutual's liability to Century under the reinsurance treaty. III R. 2–6. Century then petitioned for a writ of mandamus to prohibit the trial court from conducting "any further proceedings . . . relating to a breach of contract," I R. 24, and the writ was granted. *Century Cas. Co. v. United States District Court*, No. 76–1707 (10th Cir. Jan. 14, 1977).

In granting that writ we stated that our earlier mandate was "intended to order the entry of a judgment finding that the reinsurance contract was binding and controlled the extent of Security's liability to pay the Anderson Aviation judgment." I R. 25. We also said that "[s]ince the damages awarded [by the trial court before our appellate decision at 531 F.2d 974] were based on the condition precedent theory, the judgment for damages was reversed *in toto* with no provision for modification or for a new award based on another theory;" that the mandate was intended "to be a conclusive statement of the rights and liabilities of the parties," and that we had not intended "to authorize further proceedings." I R. 25–26. Because we believed that the mandate sufficiently indicated our intent, we issued the writ and remanded the case "for the entry of judgment, not for further proceedings." Additionally we noted that the "scheduled hearing should be considered a violation of the mandate." I R. 26–27.

Pursuant to the original mandate and the terms of the writ of mandamus the district court issued an order on March 31, 1977, directing the entry of judgment. (I R. 29):

Pursuant to the Mandate issued by the Tenth Circuit on March 12, 1976, and the explicit terms of the Writ of Mandamus issued by the Court of Appeals on January 14, 1977, *we hereby enter a declaratory judgment in favor of Defendant and against Plaintiff. Plaintiff is liable for the judgment in Anderson Aviation in accordance with the terms of the reinsurance agreement between the parties.* The Clerk of the Court is directed to enter judgment for Defendant Century Casualty Company. Plaintiff's Complaint and Cause of Action are hereby Dismissed. Each party will bear its own costs. A copy of the Writ of Mandamus is attached. (Emphasis added).

On the same day, March 31, 1977, the clerk of the district court entered a judgment stating that it is

ORDERED AND ADJUDGED that judgment is entered in favor of the De-fendant, Century Casualty Company, and against Plaintiff, Security Mutual Casualty Company, and the Complaint and action herein are dismissed, each party to bear its own costs. (I R. 35).

On April 8, 1977, Security Mutual filed a motion for summary judgment on Century's antitrust counterclaim. On April 11 the district court denied the motion on the ground of mootness, noting *inter alia* that the clerk had already dismissed the "entire case, pursuant to court order." I Supp. R. 19.

Then on July 14 Century moved the trial court, pursuant to Rule 60(a) and (b), F.R. Civ.P., for relief from the judgment entered on March 31. Century sought amendment of the judgment "in a manner that will reserve for determination the dollar amount owing from Security to Century under the terms of the reinsurance treaty for costs and expenses of investigating and resisting the Arizona suit . . .," *inter alia*. I R. 36. Century's supporting brief to thus protect its counterclaim argued, *inter alia*, that such relief was proper because of clerical error, oversight and omission. I R. 31–41.

Finding that there had been "no clerical mistake, inadvertence, newly discovered evidence, fraud, or any other reason justifying relief under Rule 60," the district court instead treated the motion as one made pursuant to Rule 59(e), F.R.Civ.P. Because a motion to alter or amend a judgment under Rule 59(e) must be made within ten (10) days of the entry of judgment, the trial court concluded that Century's motion was untimely. Additionally it noted that our mandamus ruling "explicitly" stated that there were to be no further proceedings. Consequently the court denied Century's motion for relief from the judgment entered. I R. 42–43. It is from this order denying its Rule 60 motion that Century has brought a timely appeal.[1]

I

*The appellate contentions*

Century's contentions on appeal are mainly based on Rule 60, F.R.Civ.P. Centu-

---

1. Century did not appeal from the judgment entered on March 31, 1977.

ry argues, *inter alia*, that the judgment of March 31, 1977, dismissing the action should be amended for clerical error under Rule 60(a), citing its provisions that

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party . . . .

Century further says that the court has the power and duty to correct judgments issued due to inadvertence or mistake, citing *American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172; that Century is entitled to amendment of the judgment to conform to the mandate of this court and the district judge's own direction for the entry of judgment; that the effect of the judgment of March 31 as entered is to give Century a right without a remedy, giving the declaratory judgment to Century on the reinsurance treaty, but denying it any opportunity to establish the value of the judgment or to enforce it; and that the error is clear from the record. In addition Century contends that relief under Rule 60(b) is available to it under the provisions on mistake, inadvertence, surprise or excusable neglect; and that relief should be granted under Rule 60(b) to carry out the mandate of the court of appeals.

Security Mutual generally rejects these contentions, relying on the district court's order which found that there was no clerical mistake, inadvertence, newly discovered evidence, fraud or any other reason justifying relief under Rule 60; that no clerical error is shown; that motions under Rule 60(b) are directed to the district court's sound discretion, which was not abused here; and that relief should have been sought under Rule 59(e), by a timely motion within 10 days after the March 31 judgment, whereas Century's motion was not filed until July 14 and was untimely, *inter alia*.

## II

Century argues for relief under Rule 60(a), F.R.Civ.P., seeking amendment of the judgment because of clerical error coming within Rule 60(a), which provides in part:

(a) CLERICAL MISTAKES. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

It is axiomatic that courts have the power and the duty to correct judgments containing clerical errors or judgments issued due to inadvertence or mistake. *American Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172. However Rule 60(a) may not be used to change something which has been deliberately done. *See Ferraro v. Arthur M. Rosenberg Co.*, 156 F.2d 212, 214 (2d Cir.); *accord, Blankenship v. Royalty Holding Co.*, 202 F.2d 77, 79–80 (10th Cir.); *see generally* 6A Moore's Federal Practice, ¶ 60.06[1] at 4055; 11 Wright & Miller, Federal Practice & Procedure § 2854 at 154.[1a] Here the district court's order denying the Rule 60 motion stated that there was no clerical error or inadvertence in the judgment. I R. 42. Under the Rule changes have been made in the judgment where the trial court recognized that they were necessary to correct an oversight or omission, *e. g., Kelley v. Bank Bldg. & Equip. Corp.*, 453 F.2d 774, 778 (10th Cir.), but here the record as a whole and the district court's orders do not support the granting of relief for such a purpose.

Century voices concern over the *res judicata* effect of the March 31 judgment, but we find no problem in this respect. The closing of the case in the district court by the March 31 judgment, when read against the entire record, shows that there was no ruling against the rights of Century to re-

---

1a. *See also Allied Material Corp. v. Superior Products Co., Inc.*, 620 F.2d 224 (10th Cir., 1980).

cover on the reinsurance treaty and thus no basis for any preclusion of Century's claims on the agreement.

■ If there is any ambiguity or obscurity or if the judgment fails to express the rulings in the case with clarity or accuracy, reference may be had to the findings and the entire record for the purpose of determining what was decided. *See Moore v. Harjo*, 144 F.2d 318, 321 (10th Cir.). And where the formal judgment is one of dismissal it should be interpreted in light of the opinion, findings and conclusions in the case. *Great Lakes Co. v. Huffman*, 319 U.S. 293, 295, 63 S.Ct. 1070, 1071, 87 L.Ed. 1407.

In our case the record clearly encompasses the prior appellate rulings, as well as the record in the district court. As noted, this court plainly decided twice that Century is entitled to recover on the reinsurance treaty. The first opinion held that "[t]he amount of [Security Mutual's] liability should be determined under the terms of the reinsurance treaty." 531 F.2d at 979. In the later mandamus proceeding our opinion—which was appended by the district judge to his order directing the entry of judgment—stated that our earlier mandate had been "intended to order the entry of a judgment finding that the reinsurance contract was binding and controlled the extent of Security Mutual's liability to pay the Anderson Aviation judgment." I R. 25.

■ In declaratory judgment actions familiar principles of *res judicata* cannot be applied automatically to judgments dismissing suits without stated reasons. *Kaspar Wire Works, Inc. v. Leco Eng'r & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir.). Here, read against the background of the appellate rulings and the district judge's direction for the entry of judgment, the closing of the case by the judgment of dismissal was clearly not a determination against the right of Century to recover on the reinsu-

rance agreement. That would run counter to all the rulings and their intent as plainly manifested by the record.

■ Thus, we hold that there is no special ground for relief based on the *res judicata* problem since the judgment did not preclude recovery of further relief by Century on the reinsurance treaty and Century's rights determined by the declaratory judgment. If Security Mutual fails to satisfy its obligations under the reinsurance agreement, for which it was held liable by the declaratory judgment, then further relief may be obtained by Century. *See* 28 U.S.C. § 2202; *Powell v. McCormack*, 395 U.S. 486, 499, 89 S.Ct. 1944, 1952, 23 L.Ed.2d 491; *Kaspar Wire Works, Inc. v. Leco Eng'r & Mach., Inc., supra*, 575 F.2d at 537; *McNally v. American States Ins. Co.*, 339 F.2d 186, 187 (6th Cir.); *Sinclair Refining Co. v. Burroughs*, 133 F.2d 536, 538 (10th Cir.); 10 Wright & Miller, Federal Practice and Procedure, § 2771 at 866–67.

### III

Century further argues that it is entitled to have the March 31 judgment amended under the Rule 60(b)(1) provisions on mistake, inadvertence, surprise or excusable neglect;[2] that here to some extent there was a result by mistake of the judge, the clerk and counsel, arguing that counsel "inadvertently . . . and excusably, failed to comprehend the extent of the judgment entered by the clerk, in light of the mandate of the court of appeals regarding the determination of Security Mutual's liability"; and that the judge erred in adopting the judgment entered as a correct statement of his intent in view of the appellate court's directions, given twice, that the amount of Security Mutual's liability to Century should be determined. Brief for Appellant at 8–11.

---

2. For purposes of this case the pertinent provisions of Rule 60(b) state:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order,

or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

Security Mutual responds that Century did not pursue its appropriate remedy under Rule 59(e) within its 10-day time limit and has failed to demonstrate any abuse of discretion in the denial of relief under Rule 60 by the district court whose judgment, it argues, was consistent with the provisions in the appellate opinion in the mandamus proceeding. Brief for Appellee at 3, 7–8.

One of Century's primary arguments is that the district judge clearly misinterpreted the mandate of the court of appeals and in this connection Century relies on *Rocky Mountain Tool & Machine Co. v. Tecon Corp.*, 371 F.2d 589 (10th Cir.). There we did affirm an order amending the date from which interest ran as a correction of "a palpably erroneous award," *id.* at 597, citing Rule 60(b)(1) and (6). Of course, the case is different from ours in that the district judge there recognized the error or mistake, while here the judge found that the judgment entered was the one intended by him.

The question is whether under Rule 60(b)(1) or possibly 60(b)(6) the court should have amended and corrected the judgment because of error or mistake of law. We must agree that the district judge misread the appellate mandates. The statements in the opinion in the mandamus proceeding that this court had earlier remanded for "the entry of judgment, not for further proceedings" and that the "scheduled hearing should be considered a violation of the mandate" must be read in conjunction with the fact that mandamus was sought to prohibit the hearing on Security Mutual's claim *against* Century for damages for breach of the notice provision—a theory we plainly rejected in the mandamus proceeding. We repeated again therein the terms of our

earlier mandate that Security Mutual's liability to Century "should be determined under the terms of the reinsurance treaty." I R. 31. Thus, construing the mandates as barring a hearing to determine Security Mutual's liability to Century was error.

The question is thus not one of amendment to correct judicial oversight or omission, but of amendment to correct judicial error. Relief has been granted under 60(b)(1) on a theory of mistake of law in some instances. *E. g., Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 929 (5th Cir.); *Rocky Mountain Tool & Machine Co. v. Tecon Corp., supra*, 371 F.2d at 597. Such relief must, however, be sought within the time restraints of Rule 60(b) that the motion be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment." Here the district judge applied the 10-day time limit of Rule 59(e) and, as to Rule 60, said there was no clerical mistake, etc., for relief under that Rule and thus did not make a ruling on reasonableness of the time of filing the Rule 60 motion. In Century's favor there are the factors that our mandates created confusion and were misread,[3] and that no prejudice is shown to Security Mutual by the delay until filing of the Rule 60 motion on July 14. *Lairsey v. Advance Abrasives Co., supra*, 542 F.2d at 930.

Nevertheless, reference was made in the district court's order to the delay of "115 days" from the judgment until filing of the motion and to the fact that on April 11 an order denying Security Mutual's motion for summary judgment against Century's counterclaim had made it clear that the entire case had been dismissed.[4] I R. 42. The

---

3. In this connection we note that Security Mutual itself believed the Century counterclaims had not been disposed of by the March 31, 1977, judgment. This is borne out by the fact that on April 8 Security Mutual filed a motion for summary judgment of dismissal of Century's counterclaim against Security Mutual. As noted, the district court denied this motion on April 11 on the ground that the counterclaim was moot, pointing out, *inter alia*, that the March 31 judgment entered by the clerk "dismissed this entire case, pursuant to court order." I Supp. R. 19.

4. Century's memorandum brief filed July 14, 1977 in support of the Rule 60 motion stated that "[i]t was not apparent that the entire case had been closed until the order of the Court denying the Motion of Security to dismiss the antitrust counterclaim of Century. That order is dated April 11, 1977 and holds the Motion to be moot because the clerk had already dismissed the 'entire case.' " I R. 39. We feel the brief clearly acknowledges awareness by Century of dismissal of the entire case from the April 11 order.

April 11 order should have made the parties aware of such grounds for rule 60(b)(1) relief on the mistake of law theory. *See Lairsey v. Advance Abrasives Co., supra,* 542 F.2d at 931.

██ Considering all the circumstances and the absence of any showing of reasons for the delay after the April 11 order until July 14 when the motion under Rule 60 was filed, we cannot hold that the motion was timely within the constraints of the Rule. We therefore sustain the order denying relief under Rule 60(b)(1).

## IV

We must also consider whether relief should have been granted under Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment." Under this provision there is power "to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390, 93 L.Ed. 266, a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co., Inc.,* 518 F.2d 720, 722 (10th Cir.) (en banc), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89.

██ The decision whether relief should be granted under Rule 60(b)(6) is discretionary and the ruling should not be disturbed except for a manifest abuse of discretion. *Chief Freight Lines Co. v. Local Union No. 886,* 514 F.2d 572, 576–77 (10th Cir.). In Century's favor, we noted that our mandates caused confusion and that no prejudice to Security Mutual by the delay in filing the 60(b) motion was shown. However, the parties were made aware of the breadth of the March 31 judgment of dismissal by the district court's order of April 11. *See* note 4, *supra.* Moreover, there was no unusual change of circumstances calling for equitable relief as in *Pierce v. Cook & Co., supra.* And, as noted in Part II, *supra,* the March 31 judgment is not a bar against recovery of further relief by Century. Thus we cannot say there was any abuse of discretion.

In sum, the district court did not err in denying relief under Rule 60 for the reasons we have explained. If Security Mutual does not make payment in accordance with the reinsurance agreement and the declaratory judgment in favor of Century, then further relief may be obtained by Century as contemplated by the Declaratory Judgment Act. The order denying the Rule 60 motion should be affirmed, each party bearing its own costs on this appeal.

AFFIRMED.

McKAY, Circuit Judge, concurring:

I concur in the majority opinion in all respects other than the discussion of the timeliness of the motion under Rule 60(b). We have made clear that the March 31, 1977, order and judgment of the trial court, properly read, sustain Century Casualty Company's interpretation of the reinsurance treaty and insure that Century may directly enforce the terms of the agreement (if not complied with) in a separate action which is in no respect barred or otherwise diminished by the order and judgment entered by the trial court or by our affirmance. *See* maj. op. at 1066, 1068. In effect, we are confirming the appellant's interpretation of our previous orders and thereby assuring the relief requested. Accordingly, there is no need for us to invoke the discretionary relief available through Rule 60(b). I do not believe, therefore, that the timeliness of the motion under Rule 60(b) need be decided.