### In re VALLEY FORGE PLAZA ASSOCIATES, Debtor.

Civ. A. No. 90–1337.
Bankruptcy No. 89–11136S.

United States District Court,
E.D. Pennsylvania.

June 18, 1990.

Robert Levin, Adelman Lavine Gold & Levin, Philadelphia, Pa., for debtor.

Barry E. Bressler, Pelino & Lentz, Philadelphia, Pa., special counsel for debtor.

Richard Casher, Hebb & Gitlin, Hartford, Conn., for Conn. Gen. Life Ins. Co.

James Peck, Duanne Morris & Heckscher, for Dai–Ichi Kangyo Bank.

Kenneth E. Aaron, Mesirov Gleman Jaffe Crammer & Jamieson, Alan Gordon, Saul Ewing Remick & Saul, Philadelphia, Pa., for Northeastern Bank.

Jennifer M. Anderson, Dechert Price & Rhoads, for Academy Life Ins. Co.

Robert Hoelscher, Drinker Biddle & Reath, Philadelphia, Pa., for Midlantic Nat. Bank.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is an appeal and two responding motions arising out of the January 8, 1990, Order and Opinion of the bankruptcy court in the above captioned matter. The related motions stem from Midlantic National Bank's (a secured creditor in the bankruptcy action) appeal of the bankruptcy court's decision regarding the scope of permissible discovery. Midlantic claims that the bankruptcy court incorrectly interpreted Fed.R.Civ.P. 26(b)(4)(A)(i) and allowed debtor Valley Forge Plaza Associates ("VFPA") to have access to information that they were not entitled to under the Federal Rules of Civil Procedure. Before me now is Midlantic's appeal of the bankruptcy court's order, Midlantic's Motion to Stay the bankruptcy court's decision while Midlantic's appeal is pending in this court, and VFPA's Motion to Dismiss.

For the reasons set forth below, I shall grant VFPA's Motion to Dismiss and deny Midlantic's Motion for Stay.

### I. *Background.*

On March 28, 1989, VFPA filed for protection pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101, *et seq.* VFPA is a partnership which owns an integrated complex including a full service convention center, two luxury hotels, an office building and substantial parking facilities ("the complex") situated in King of Prussia, Pennsylvania. A July 1, 1988, survey by the consultant group of Laventhol and Horwath estimated the value of the complex at over $134 million.

During the course of the bankruptcy proceedings, VFPA alleged that the market value of the complex had substantially deteriorated. Several entities who alleged secured claims against VFPA retained new consultants to appraise the complex. Midlantic National Bank retained Pannell Kerr Forster ("PKF"), Dai–Ichi Kangyo Bank, Ltd. retained Arnold Tesh Advisors, and Connecticut General Life (CIGNA), retained Hospitality Valuation Service, Inc. In addition, all of the alleged creditors collectively hired Price Waterhouse for the purpose of investigating VFPA's financial affairs.

On September 18, 1989, VFPA filed a Debtor's Application for Entry of Order authorizing the examination of PKF pursuant to Bankr.R. 2004. This application, along with a similar application for Price Waterhouse to review the financial records

was to include, *inter alia,* examinations in the form of depositions of employees and the production of documents including past annual reports. Several creditors objected to VFPA's Bankr.R. 2004 application.

On January 8, 1990, the bankruptcy court entered an Opinion and Order granting the Bankr.R. 2004 application in part. The Opinion specified that discovery of expert testimony under Bankr.R. 2004 is "generally limited and is certainly no broader than that permitted by Bankr.R. 7026 and Fed.R.Civ.P. 26." *In re Valley Forge Plaza Assocs.,* 109 B.R. 669, 671 (Bankr.E.D.Pa.1990).

In its Order accompanying the Opinion, however, the bankruptcy court required the secured creditors to produce "any review, assessment, examination, appraisal or valuation of the Debtor's financial condition, management and affairs prepared by Price Waterhouse ... Midlantic [and the other secured creditors] in connection with its preparation of the documents referenced in this subparagraph." *In re Valley Forge Plaza Assocs.,* No. 89–11136S (Bankr.E.D. Pa.1990) (Order) at 3. The Creditors were to provide this material by January 22, 1990.

On January 17, 1990, Midlantic filed a motion for reconsideration to reconcile an alleged contradiction between the January 8, 1990, Opinion and the accompanying Order. On the same day, Dai–Ichi Kangyo Bank, Ltd. (another secured creditor) filed an expedited motion for stay of the January 8, 1990, order which Midlantic joined.

On January 19, 1990, the bankruptcy court issued a three page Memorandum and Order holding that there was no inconsistency between the January 8, 1990 Opinion and Order and denied the motion for reconsideration.

On January 22, 1990, Midlantic provided VFPA with a 150 page draft opinion of its findings in partial compliance with the bankruptcy court's January 8, 1990 Order.

On February 26, 1990, Midlantic filed its appeal of the January 8, 1990 Order with this court and on March 9, 1990, VFPA filed a Motion to Dismiss the Appeal. On March 13, 1990, Midlantic filed its Motion for a Stay of the bankruptcy court's decision pending their appeal in this court.

On March 28, 1990, as a result of Midlantic's admitted failure to fully comply with the January 8, 1990 Order, VFPA filed a Motion for Sanctions against Midlantic in the bankruptcy court. On April 4, 1990, the bankruptcy court entered an Order granting VFPA's Motion for Sanctions in part and ordered Midlantic to "produce all non-privileged material created by PKF in connection with the evaluation of the Debtor's complex, and list all such materials which it believes are privileged and the reasons for the claim of privilege to the Debtor...." VFPA's Supplemental Memorandum in Support of Motion to Dismiss Appeal of Midlantic Bank ("VFPA Supp. Memo.") at 3–4. To date, Midlantic has transferred over 1,400 pages to VFPA in compliance with the bankruptcy court's January 8, 1990, and April 4, 1990 Orders.

## II. *Discussion.*

■ This court has appellate review over all final decisions of law in the bankruptcy courts for Chapter 11 matters under 28 U.S.C. § 158(a), *See In re Summit Corp.,* 891 F.2d 1, 4 (1st Cir.1989).

Midlantic's February 26, 1990 appeal, and the subsequent documents, motions and proceedings, raise the issue of whether the bankruptcy court erred when it issued an Order pursuant to Bankr.R. 2004 that required the production of all the materials Midlantic obtained in connection with the bankruptcy action.

### A. *Production of documents under Fed.R.Civ.P. 26 and Bankr.R. 2004.*

■ I find that the bankruptcy court correctly ruled that the right to production of expert testimony under Bankr.R. 2004 is no greater than that provided by Fed.R.Civ.P. 26. *In re Valley Forge,* 109 B.R. 669, 671 (Bankr.E.D.Pa.1990).

Fed.R.Civ.P. 26(b)(4)(A) provides:

i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state

the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate.

To the extent that there is any contradiction between Bankr.R. 2004 and Fed.R.Civ.P. 26, the latter takes precedent. Therefore, any information that Midlantic is to provide to VFPA must conform with Fed.R.Civ.P. 26.

#### B. The contradiction between the Bankruptcy Court's Opinion and Order.

Any contradiction between a final Order and an accompanying Memorandum must be read in the totality of the decision. *See Security Mutual Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062 (10th Cir.1980) (ambiguity in final judgment may be clarified by looking at entire record and opinion). The bankruptcy court clearly intended to have the discovery information conform to Fed.R.Civ.P. 26. *In re Valley Forge,* 109 B.R. at 671–72. In fact, the bankruptcy court responded to Midlantic's Motion to Reconsider by explicitly stating that there was no contradiction and that the court intended Fed.R.Civ.P. 26 to control.[1] *Id.* at 677. I find that the bankruptcy court correctly analyzed and applied the law regarding the scope of discovery.

■ Furthermore, I find it was within the discretion of the bankruptcy judge to determine whether the materials that VFPA requested were properly "an aspect of the *grounds* of its experts' opinions, which are discoverable under Fed.R.Civ.P.

26(b)(4)(A)(i)." *Id.* If the bankruptcy judge determined as a matter of fact that this information was permitted under the rules of discovery, there is no contradiction between the order and Fed.R.Civ.P. 26.[2]

On the basis of the foregoing, I shall grant VFPA's Motion to Dismiss and deny Midlantic's Motion for Stay.

---

1. On its face the language of the Opinion and Order do contradict. However, this court finds that when the order is read in conjunction with the attached Opinion, the Order does conform to Fed.R.Civ.P. 26.

2. Again, the language employed by Judge Scholl is approaching Fed.R.Civ.P. 26's limits, but this court defers to the fact sensitive determination made by the bankruptcy court as to the information's true relevance to the "grounds for each opinion" as is permitted under Fed.R.Civ.P. 26.