**James B. DAIS, Plaintiff,**

v.

**LANE BRYANT, INC., Defendant.**

**No. 97 Civ. 2011(PKL)(RLE).**

United States District Court,
S.D. New York.

Oct. 4, 2001.

James B. Dais, Bronx, NY, pro se.

Mitchell D. Goldberg, Ochs & Goldberg, New York City, Scott A. Carroll, Vorys, Sater, Seymour and Pease LLP, Columbus, OH, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge.

*Pro se* plaintiff James B. Dais brings this action alleging unlawful racial discrimination and employment termination in violation of 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); and New York State Human Rights Law, New York Executive Law § 296 ("NYHRL").[1] In a series of letters to the Court, plaintiff moves for reconsideration of the Court's refusal to reopen discovery regarding the personnel file of Lisa Tricomi, and for reconsideration of the Court's denial of plaintiff's request for further leave to amend his amended complaint to add a claim for gender discrimination. Further, plaintiff moves for sanctions against the attorneys for defendant, and plaintiff's former attorney, Michael G. O'Neill, Esq. For the reasons set forth below, all of plaintiff's motions are denied.

## BACKGROUND

The factual background of this case is explained in detail in *Dais v. Lane Bryant,* No. 97 Civ.2011, 2001 WL 363670, at \*1–4, —— F.Supp.2d —— (S.D.N.Y. April 12, 2001), familiarity with which is assumed. Plaintiff James B. Dais was previously employed as a sales manager at defendant Lane Bryant's Huntington, New York store, and brings action against defendant for alleged discrimination and wrongful termination. Plaintiff's request to re-open discovery in order to obtain

---

1. Plaintiff also brought action under New York City Human Rights Law, New York City Administrative Code § 8–107, as well as hostile work environment claims under both Title VII and the NYHRL. Following a motion for summary judgment brought by defendant, this Court dismissed those causes of action in an Opinion and Order dated April 12, 2001. *See Dais v. Lane Bryant,* No. 97 Civ.2011, 2001 WL 363670, at \*12, —— F.Supp.2d —— (S.D.N.Y. April 12, 2001).

the personnel file of former Lane Bryant sales manager Lisa Tricomi was originally denied at a pre-trial conference on July 9, 2001, while plaintiff's request for leave to amend further his amended complaint to add a gender discrimination claim was denied in a Memorandum and Order dated February 8, 2000. *See* Transcript of Pre–Trial Conference, July 9, 2001; *Dais v. Lane Bryant,* No. 97 Civ.2011, 2000 WL 145755, at *3, (S.D.N.Y. Feb. 8, 2000). By notice of motion filed on October 27, 2000, plaintiff previously sought sanctions against his former attorney and defendant's attorneys. On November 2, 2000, the Court ruled it would not entertain any motion for sanctions until after discovery had closed. Plaintiff's present motions for reconsideration and his renewed motion for sanctions were received by the Court on August 21, 2001 in letter form.

### DISCUSSION

### I. Submissions of *pro se* Litigants

■ Plaintiff's present letters do not conform to the rules of formal motion practice as required by the Federal Rules of Civil Procedure ("FRCP"). Because plaintiff represents himself *pro se,* the Court will liberally construe his letters as motions.[2] *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (protecting a *pro se* litigant's right to a meaningful opportunity to be heard); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (ruling that courts should liberally construe the pleadings of *pro se* litigants).[3]

### II. Motions for Reconsideration

■ Parties may seek reconsideration of a judgment under Rules 59(e) or 60(b) of the FRCP. To take advantage of Rule 59(e), however, the moving party must seek reconsideration "no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e); *see also* Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern District of New York (mandating that a party seeking reconsideration file a notice of motion and a supporting memorandum of law within 10 days "after the docketing of the court's determination of the original motion.") Because plaintiff's motions for reconsideration were not filed within 10 days of either of the decisions appealed from, plaintiff may not seek reconsideration under Rule 59(e) of the FRCP.

■ Rule 60(b) of the FRCP provides in pertinent part, "[o]n motion and on such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment." Rule 60(b) requires that "[t]he motion shall be made within a reasonable time." Because plaintiff represents himself *pro se,* the Court construes plaintiff's motions for reconsideration as within the ambit of Rule 60(b). The Court concludes, however, that while plaintiff's 60(b) motion for reconsideration regarding the Tricomi personnel file was filed within a reasonable time, plaintiff's motion for reconsideration of his request for further leave to amend his amended complaint to add a gender discrimination claim was not filed within a reasonable time. Plaintiff seeks reconsideration a year and half after this Court's decision regarding that issue.[4] Courts have found far

---

2. Courts have noted that motions by letter are disfavored. "This practice of 'litigation by letter', although common, is an insufficient means of seeking relief from a court." *Peart v. City of New York,* 992 F.2d 458, 463 (2d Cir.1993) (citing *In re Drexel Burnham Lambert Group, Inc.,* 138 B.R. 687, 692 n. 6 (Bankr.S.D.N.Y.1992)).

3. With respect to future submissions, however, the Court wishes to impress upon plaintiff the importance of complying with the specific rules set out in the FRCP. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (suggesting that courts should not ex-

cuse the procedural mistakes of *pro se* parties in civil litigation); *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995) ("Although *pro se* litigants should be afforded latitude, they are generally required to inform themselves regarding procedural rules and to comply with them.") (Citations omitted).

4. As noted in the Background section, plaintiff's request for leave to amend further his amended complaint to add a gender discrimination claim was denied on February 8, 2000, but plaintiff did not bring a motion for reconsideration until August 21, 2001.

118

shorter delays in moving for relief under Rule 60(b) of the FRCP unreasonable. *See, e.g., Security Mut. Cas. Co. v. Century Cas. Co.,* 621 F.2d 1062, 1068 (10th Cir.1980) (sustaining denial of Rule 60 relief where the moving party did not file for three months); *West v. Gilbert,* 361 F.2d 314, 316 (2d Cir.) (upholding denial of Rule 60 relief based on a delay of approximately three months), *cert. denied,* 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); *Stonewall Ins. Co. v. National Gypsum Co.,* No. 86 Civ. 9671, 1992 WL 51567, at *6 (S.D.N.Y. March 9, 1992) (finding delay of more than a year unreasonable). Further, plaintiff offers no reason for his extremely long delay in seeking reconsideration of this matter. *See Stonewall Ins. Co.,* 1992 WL 51567, at *6 ("Courts have been unyielding in requiring that a party show good reason for his failure to take appropriate action sooner.") (Quoting *United States v. Martin,* 395 F.Supp. 954, 961 (S.D.N.Y.1975)).

■ Even if plaintiff's motion for reconsideration regarding the gender discrimination claim were filed in a reasonable time, however, neither that motion nor his motion for reconsideration regarding the Tricomi personnel file can meet the heavy burden imposed by Rule 60(b). The Second Circuit has held that because Rule 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating "exceptional circumstances." *United States v. International Broth. of Teamsters,* 247 F.3d 370, 391 (2d Cir.2001); *see Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir.1994); *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir.1986). Plaintiff offers no such exceptional circumstances for either of his two motions for reconsideration, and therefore has not met this burden.

### III. Renewed Motion for Sanctions

■ Plaintiff also moves for sanctions against his former attorney, Michael O'Neill, Esq., as well as defendant's counsel. By a notice of motion filed October 27, 2000, plaintiff previously made motion for such sanctions. On November 2, 2000, the Court ruled that any motion for sanctions would be premature prior to the end of discovery. Al-

though discovery has concluded, plaintiff fails to offer any convincing reason for sanctioning any of the attorneys involved in this litigation. Plaintiff's present argument for sanctions appears to be that defendant's counsel committed some form of misconduct during the deposition of Max de Vries conducted on July 21, 2001. Having reviewed the deposition, the Court finds no sanctionable conduct. *See* Fed.R.Civ.P. 11 (imposing sanctions only when an attorney or *pro se* party presents to the court *written* material which violates Rule 11(b) of the FRCP); *60 East 80th Street Equities, Inc. v. Sapir,* 218 F.3d 109, 115 (2d Cir.2000) (approving sanctions under 28 U.S.C. § 1927 only upon a finding of bad faith).

### CONCLUSION

For the reasons stated above, plaintiff's motions for reconsideration of the Court's refusal to re-open discovery regarding the Tricomi file and for reconsideration of the Court's refusal to grant further leave to amend his amended complaint to add a gender discrimination claim are DENIED with prejudice. Plaintiff's motion for sanctions against defendant's attorneys and against plaintiff's former attorney, Michael O'Neill, Esq., is also DENIED.

**SO ORDERED.**