**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff,**

v.

**POINTE TAPATIO RESORT PROPERTIES NO. 1 LIMITED PARTNERSHIP, an Arizona limited partnership; Pointe South Mountain Resort Properties No. 1 limited Partnership, an Arizona limited partnership; Expansion Pointe Properties Limited Partnership, an Arizona limited partnership, Defendants.**

**Pointe Tapatio Resort Properties No. 1 Limited Partnership, an Arizona corporation; Expansion Pointe Properties Limited Partnership, Counterclaimants,**

v.

**Mutual Life Insurance Company of New York, a New York corporation, Counterdefendant.**

**Civ. Nos. 98–1671–PHX–JAT(LOA), 98–1789–PHX–JAT(LOA).**

United States District Court, D. Arizona.

April 10, 2002.

**496**

Charles A. Pulaski, Jr., Lonnie J. Williams, Jr., Snell & Wilmer, LLP, Phoenix, AZ, for Mutual Life Insurance Company of New York.

Michael L. Gallagher, Gallagher & Kennedy, PA, Marty Harper, Brian Michael Goodwin, Shughart, Thomson, Kilroy, Goodwin, Raup, PC, Phoenix, AZ, Vickie Pochelle Whitney, Steven Marc Strauss, Deborah Michelle Ben–Canaan, Allison D. Cato, John S. Kyle, Procopio, Cory, Hargreaves & Savitch, LLP, San Diego, CA, for Pointe Tapatio Resort Properties No. 1 Limited Partnership.

### ORDER

ANDERSON, United States Magistrate Judge.

This matter arises on Plaintiff/Counterdefendant MONY's Motion For Reconsideration And To Compel The Disclosure Of Documents etc. (doc. # 325), filed on February 25, 2002. The Court has reviewed and considered the subject motion, Defendants/Counterclaimants THE POINTEs' Response (doc. # ) in opposition thereto and MONY's Reply. For the reasons set forth hereinafter, the motion will be denied.

### BACKGROUND

In early 2000, MONY timely sought through appropriate document discovery, and by subsequent motion to compel on May 8, 2000, certain documents relating to the drafting of the Joint Venture Agreements ("JVA's") in the possession of THE POINTEs and by subpoena from THE POINTEs' former attorney, Lyman Manser, and his employer, the Phoenix law firm of Lewis & Roca. THE POINTEs opposed the production on the grounds that the documents were not discoverable under Rule 26(b)(1) because of the attorney-client and work product privileges. On June 16, 2000, the Court found that "Plaintiff has failed to sustain his burdens of proof and persuasion that Defendants have impliedly waived the attorney-client and/or work product privileges ..." See, doc. # 131. The motion to compel was denied without prejudice as the Court was persuaded that Defendants had not impliedly waived the privileges by, among others, only threatening litigation against Lewis & Roca for legal malpractice based upon its attorney's role in drafting the partnership JVA.

MONY now seeks reconsideration of the Court's prior discovery order based upon the fact THE POINTEs have actually filed suit against Lewis & Roca and Mr. Mansur on April 13, 2001 in the Maricopa County Superior Court. The lawsuit alleges, *inter alia*, that although the JVA and amendments thereto "reflect the interpretation and parties' intentions consistent with The Pointes' position in the Federal Case," it charges professional negligence "in the event that the Court decides or rules adverse to The Pointes in the ongoing [federal] litigation, i.e. that the documents are not sufficiently explicit for The Pointes to legally prevail on the business agreement ..." See, paragraph 23 of Exhibit A to the subject Motion For Re-

consideration. MONY's motion acknowledges that THE POINTEs have produced over 50% of the documents provided by Lewis & Roca but claims that numerous other documents are still being withheld under a claim of privilege that MONY is entitled to discover. MONY does not identify with specificity the particular documents or general categories of documents it seeks.[1]

THE POINTEs argue that the Court should deny the subject motion because (1) it is untimely as it was not filed within a reasonable time, (2) that there has not been a substantial charge in circumstances to warrant a finding of an implied waiver of the attorney-client privilege,[2] and (3) the attorney-client privilege has not been waived in this case.

The current status of the litigation is that the trial judge, the Hon. James A. Teilborg, has consolidated the matters into one jury trial beginning on May 29, 2002, motions in limine must be filed by this Friday, April 12, 2002, and responses thereto by April 26, 2002, and the final Pretrial Conference is set for May 10, 2002. Discovery formally ended by order on January 31, 2001.

### MOTION TO RECONSIDER

■ A motion to reconsider must provide a valid ground for reconsideration by showing two elements. *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D.Haw.1987), rev'd on other grounds, 855 F.2d 860 (1988). First, it must demonstrate some valid reason why the Court should reconsider its prior decision. *Id.* Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. *Id.* Courts have distilled three (3) major grounds justifying reconsideration. They are: 1) an intervening change in the controlling law, 2)

the availability of new evidence, and 3) the need to correct clear error or prevent manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd. in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987); See generally C. Wright, A. Miller & E. Cooper, § 4478 at 790. Absent a Local Rule on the timeliness of filing a motion for reconsideration, Courts apply the reasonable-time standard set forth in Rule 60(b).[3] See, *Dais v. Lane Bryant, Inc.,* 203 F.R.D. 115, 117 (S.D.N.Y.). Arizona's Local Rule 1.10(p) does not address the timeliness issue. Thus, for the subject motion to be timely, it must have been filed within a reasonable time.

### ANALYSIS

■ THE POINTEs argue that MONY's motion is untimely since it was not raised within a reasonable time. What is, of course, a reasonable time is a fact-intensive determination in every case. The record herein reflects that discovery ended by court order on January 31, 2001. THE POINTEs' lawsuit against their former attorney at Lewis & Roca was not filed until April 13, 2001, over 10 months before MONY filed the subject motion on February 25, 2002 seeking reconsideration of the Court's June 16, 2000 order. MONY does not verify in its Reply or Motion For Reconsideration when precisely it or its Phoenix attorneys at Snell & Wilmer first learned of THE POINTEs' state court suit against Lewis & Roca. Addressing this issue in its Reply MONY writes:

> In early 2002, the Pointe recently produced documents in its malpractice litigation which it had previously withheld from MONY on privilege grounds. Based on information and belief, the Pointe produced those documents as part of an agreement with Lewis & Roca concerning required discovery disclosures under the

---

1. Although Local Rule 1.10(k) addresses only motions to compel answers to interrogatories, the better practice to assist the Court is for counsel to identify which specific Requests or documents counsel is seeking to compel.

2. THE POINTEs fail to raise the work-product privilege as a basis to preclude the renewed discovery request. The Court deems that this issue has been waived by THE POINTEs.

3. Rule 60(b), FRCvP, provides in pertinent part, "[o]n motion and on such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment [or order]." Rule 60(b) requires that "[t]he motion shall be made within a reasonable time."

Arizona Rules of Civil Procedure. The Pointe did not advise MONY of its document production in the malpractice matter—MONY discovered this fact through its own efforts. Shortly after MONY learned of this production, it brought the instant motion.

See, page 6, MONY's Reply.

MONY implies that THE POINTEs improperly withheld from MONY the fact that THE POINTEs had sued Lewis & Roca. The Court is not, however, provided any interrogatory, other discovery request, or case law addressing the specific issue that would mandate THE POINTEs to seasonally supplement its prior discovery responses as required by Rule 26(e), FRCvP, that suit was filed against Lewis & Roca. The Court is aware of no rule that would require this disclosure to MONY. If MONY were able to discover the Lewis & Roca suit "through its own efforts" sometime in 2002, why couldn't MONY have been more vigilant to periodically check the Clerk's office of the Maricopa County Superior Court to locate a public record that existed since mid-April, 2001? For example, checking the Clerk's internet site, www.clerkofcourt.maricopa.gov/, by party name from any home or office computer with an internet connection would have discovered THE POINTEs' suit against Lewis & Roca. There is no evidence that the suit was hidden from public view or from anyone to cared to look for it.

Permitting discovery now at the 11th hour is problematic both for not only all counsel who should be gearing up for a complex jury trial and drafting, among others, their motions in limine but for the undersigned and the trial judge as well. Motions in limine are due this Friday, April 12, 2002. To force counsel to take their limited time and resources away from their trial preparation now to engage in even limited discovery is unreasonable. Moreover, MONY has not clearly indicated with any specificity what documents it actually seeks. It would be one thing if it were only a handful of documents; it is entirely a different matter if MONY is seeking hundreds of documents in a case that already has disclosed and exchanged thousands, if not hundreds of thousands, of documents. Moreover, to avoid an order that may be overly broad, the Court, if it were inclined to grant the belated discovery request, would be required to issue an order mandating more specificity of that which MONY seeks and, perhaps, conducting an *in camera* review. This takes time of which there is little left before the Pretrial Conference, only 4 weeks away. Finally, were the aggrieved party inclined to appeal the undersigned's decision to the trial judge, it is not inconceivable that the trial judge would be hearing a discovery motion on the eve of trial, only six weeks away. A primary purpose of the Rule 16, RCvP, scheduling order, which sets, among others, a discovery deadline, is to avoid just this kind of last minute rush.

MONY seeks reconsideration over 20 months after this Court's decision regarding the issue and over 10 months after THE POINTEs filed suit against Lewis & Roca in state court. Courts have found far shorter delays in moving for relief under Rule 60(b) unreasonable. See, *Dais v. Lane Bryant, Inc., supra.*, at 117 (a year and half too long); *Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1068 (10th Cir.1980) (sustaining denial of Rule 60 relief where the moving party did not file for three months); *West v. Gilbert*, 361 F.2d 314, 316 (2d Cir.) (upholding denial of Rule 60 relief based on a delay of approximately three months), *cert. denied*, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); *Stonewall Ins. Co. v. National Gypsum Co.*, No. 86 Civ. 9671, 1992 WL 51567, at *6 (S.D.N.Y. March 9, 1992) (finding delay of more than a year unreasonable). Further, MONY offers no good reason for its long delay in seeking reconsideration of this matter. Courts have been unyielding in requiring that a party show good reason for the failure to take appropriate action sooner. See, *United States v, Martin*, 395 F.Supp. 954, 961 (S.D.N.Y.1975).

Considering all of the above, the Court exercises its wide discretion on discovery matters to deny the motion as untimely as not being filed within a reasonable time. The Court, therefore, will not address whether THE POINTEs have impliedly waived the

attorney-client privilege by their affirmative conduct.

Accordingly,

**IT IS ORDERED** that MONY's Motion For Reconsideration And To Compel The Disclosure Of Documents etc. (doc. # 325) is **DENIED.**

Since time is of the essence, the Court's staff is directed to immediately fax a copy of this order to lead counsel for the parties.